PORTMAN ET AL., APPELLANTS, *v.* AKRON SAVINGS & LOAN
COMPANY, APPELLEE.

[Cite as Portman v. Akron Savings & Loan Co.
(1975), 47 Ohio App. 2d 216.]

(No. 7568—Decided March 26, 1975.)

*Mr. Irving A. Portman,* for appellants.
*Mr. Bernard R. Roetzel,* for appellee.

MAHONEY, J. Irving A. Portman and Carolyn Portman, filed a class action against defendant Akron Savings & Loan Co. on behalf of themselves and others whom they alleged were similarly situated. They claimed that Akron Savings had breached a trust agreement. The complaint alleged that the Portmans and other borrowers signed identical home loan mortgages, which stated that defendant would hold all real estate tax payments "in trust." Property taxes were included in the monthly mortgage payment

by the mortgagor. Defendant thereafter paid the property taxes to the county treasurer as they became due. Defendant admitted that the tax money was not segregated, but was placed in the cash flow, the same as mortgage payments and deposits.

Plaintiffs claimed that they, and the other class members were entitled to any interest the defendant had earned on the "in trust" tax money; in addition, plaintiffs requested punitive damages of one million dollars and attorney fees.

Upon plaintiffs' motion, pursuant to Civ. R. 23, the trial court held a hearing to determine whether the case was maintainable as a class action. The trial court's finding states, in part:

"The court is of the opinion that the mere use of the words 'in trust' in a mortgage deed will not necessarily impress a trust upon funds deposited periodically with the mortgagee-bank for the purpose of the payment of taxes. Whether or not the bank holds the funds thus deposited periodically in a fiduciary capacity depends upon the facts in each individual case, and particularly upon the intent of the parties when the contract was entered into.

"The court is therefore not convinced there are common questions of law or fact sufficient to maintain the action as a class action.

"The court cannot find from the evidence adduced that plaintiffs' claims are typical of the claims of the class.

"The court, therefore, denies the application of the plaintiffs to maintain their action as a class action."

The trial court reasoned that the intent of each borrower was the determining factor in deciding whether a trust was created. Thus, a separate question of fact would arise as to each of the class members. The plaintiffs filed this appeal from such order denying the certification of the case as a class action and assigned the denial of the motion as the sole error.

This case presents two issues for this court. The first is whether we have a final appealable order under R. C. 2505.02. The Ohio Supreme Court in the case of *Roemisch*

v. *Mutual of Omaha Ins. Co.* (1974), 39 Ohio St. 2d 119, adopted the "death knell" doctrine of *Eisen* v. *Carlisle & Jacquelin* (C. A. 2, 1966), 370 F. 2d 119. We, therefore, have a final appealable order in the trial court's denial of a motion under Civ. R. 23(C)(1) to treat this as a class action.

The second issue is whether the trial court erred in overruling that motion. We find that it did. The court, at trial, was required to take evidence and rule as a matter of law on the meaning of the mortgage provisions, which read, in part:

"3. In order more fully to protect the security of this deed, he will pay to the Grantee at Grantee's option, together with, and in addition to, such payments of principal and interest, the following sums:

"A sum equal to the ground rents, if any, next due, plus the premiums that will next become due and payable on policies of fire and other hazard insurance protecting the premises covered hereby, plus taxes and assessments next due on the premises covered by this deed (all as estimated by the Grantee) less all sums already paid therefore divided by the number of months to elapse before one month prior to the date such ground rents, premiums, taxes and assessments will become delinquent, *such sums to be held by the Grantee in trust to pay said ground rents, premiums, taxes and special assessments before the same become delinquent,* and

"All payments mentioned in this paragraph three (3) and all payments to be made under the note secured hereby shall be added together, and the aggregate amount thereof shall be paid by the Grantor each month in a single payment to be applied by the Grantee to the following items in such order as the Grantee may elect:

"(a) Ground rents, taxes, special assessments, fire and other hazard insurance premiums;

"(b) Interest on the note secured hereby and

"(c) Reduction of the principal of said note. * * *"

The court must apply the same meaning, as a matter of law, to the plaintiffs' mortgage, as it will to all the other mortgages with identical provisions. The question of law is

the same and certainly plaintiffs' claim would be typical of the others in the class. Some evidence of a subjective nature may be necessary as to the variant provisions of each mortgage with regard to amount, interest rates, etc. However, such variable evidence is not sufficient to defeat the purpose of the class action on the main issue. For example, in several other class action cases there was an issue as to whether each member of the class actually relied on the defendant's misrepresentations.

The courts have held that even necessary proof of reliance by each member of a class on the defendant's misrepresentations would not bar a class action suit. See, *Green* v. *Wolf Corporation* (C. A. 2, 1968), 406 F. 2d 291 and *Vasquez* v. *Superior Court of San Joaquin County* (1971), 4 Cal. 3d 800, 484 P. 2d 964. *Vasquez*, at page 809, 484 P. 2d at 969, states:

"The requirement of a community of interest does not depend upon an identical recovery, and the fact that each member of the class must prove his separate claim to a portion of any recovery by the class is only one factor to be considered in determining whether a class action is proper. The mere fact that separate transactions are involved does not of itself preclude a finding of the requisite community of interest so long as every member of the alleged class would not be required to litigate numerous and substantial questions to determine his individual right to recover subsequent to the rendering of any class judgment which determined in plaintiff's favor whatever questions were common to the class."

The main issues in the case are whether the money received is to be kept in a separate fund or may be merged into general funds of the savings and loan company? Is there a duty to invest, or is it optional? If invested, must the savings and loan company cover and pay the profits to the individuals after deducting a reasonable service charge? Was there an unjust enrichment? All of these issues are in common to all the mortgages and plaintiffs are typical of them.

The test really becomes one of balancing the state's in-

terest in the avoidance of a multiplicity of suits against the problems of management of the suit as a class action and the injustice of foreclosing the only real remedy to those who may have been wronged by the defendant's actions. Civ. R. 23 is to be liberally construed in the early stages of the litigation, even to the point of separate or split trials on some issue like "reliance." Certainly, separate trials on the issue of intent would, perhaps, be more feasible and manageable than a multiplicity of suits which require separate discovery proceedings and many trials rehashing the same facts.

In the instant case, it should be borne in mind that the issue of whether there was or was not a trust created by the language of the mortgage is not before the trial court in a motion under Civ. R. 23. The question is solely one of a determination of whether the requirements of Civ. R. 23 have been met. The merits of the case are not an issue. *Miller v. Mackey International, Inc.* (C. A. 5, 1971), 452 F. 2d 424, at 427.

Accordingly, we reverse the judgment of the trial court and find that the requirements of Civ. R. 23(A)(1),(2), and (3) have been met. We remand this matter to the trial court for further proceedings under Civ. R. 23(A)(4) to determine if plaintiffs fairly and adequately represent the class and for such further hearings under Civ. R. 23(B), if such be necessary. If it is determined that a Civ. R. 23(B)(3) action will lie, then the court shall determine the applicability of *Eisen v. Carlisle & Jacquelin* (1974), 417 U. S. 156, on the question of notice.

*Judgment reversed and cause remanded.*

BRENNEMAN, P. J., and VICTOR, J., concur.