BLON ET AL., APPELLANTS, *v.* BANK ONE OF AKRON ET AL., APPELLEES.

(No. 11883—Decided April 24, 1985.)

*Andrew J. Michaels* and *Daniel J. McGown;* and *William Moore,* for appellants.

*Ronald N. Towne,* for appellee Bank One of Akron.

*William Holder,* for appellee West Chevrolet.

MAHONEY, P.J.   Geraldine and Richard Blon, plaintiffs-appellants, challenge an order issued by the Summit County Court of Common Pleas striking their second amended complaint. We reverse and remand.

Plaintiff-appellant Geraldine Blon filed her original complaint on June 13, 1983, based generally on a transaction in which she purchased an automobile from defendant-appellee West Chevrolet ("West"). To facilitate the purchase, Mrs. Blon and her husband, Richard, executed an installment purchase agreement and security agreement with defendant-appellee Bank One of Akron ("Bank One"). West was the credit arranger.

On December 1, 1983, Mrs. Blon was granted leave to and did file an amended complaint. Mr. Blon was not a party to either the original or first amended complaints. Thereafter, Bank

One filed a motion requesting summary judgment or dismissal for failure to join a necessary party, namely Mr. Blon.

On July 23, 1984, the trial court filed a journal entry finding Mr. Blon to be a necessary party and ordering:

"It is ORDERED, ADJUDGED and DECREED that the plaintiff shall make the said Richard L. Blon, co-signer of the installment purchase agreement, the subject of the within action, a party plaintiff, or if he refuses to join, upon application the court shall make him a party defendant."

As per the order, Mrs. Blon asked Mr. Blon to join as a plaintiff. He agreed to do so rather than force an order joining him as a defendant. On August 28, 1984, both Mr. and Mrs. Blon filed a document styled "Second Amended Complaint for Money Damages, Injunctive and Declaratory Relief with Class Action Allegations."

In response to Bank One's motion to strike, the court held:

"This court finds that the action was not filed as a class action originally. The court had ordered one additional party only be named as a defendant, that being the signatory to the contract and note, the subject of the within action, only. Accordingly,

"It is ORDERED, ADJUDGED and DECREED that the second amended complaint filed by the plaintiffs be and is hereby stricken. See Ohio Rule of Civil Procedure 23(C)(1)."

### Assignments of Error

"I.  A trial court abuses its discretion by denying class action status without any consideration of the merits of the class action allegations.

"II.  The denial by the trial court to a necessary party, newly added by order pursuant to Ohio Civil Rule 19(A), of the same pleading rights accorded to the original parties, is a denial of the rights to due process of law and due course of law guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section 16 of the Constitution of Ohio.

"III.  Where a necessary party, newly added by order pursuant to Ohio Civil Rule 19(A), asserts class action allegations, the denial of class action status without consideration of the merits of the class action allegation denies to the class the due process of law guaranteed by the Fourteenth Amendment to the United States Constitution and due course of law guaranteed by Article I, Section 16 of the Constitution of Ohio.

"IV.  Where the trial court ordered the plaintiff to join a necessary party pursuant to Ohio Civil Rule 19(A), the trial court erred in not construing such order as being an order to file an amended complaint.

"V.  If leave of court were necessary for plaintiff to amend her complaint after having been ordered to join a necessary party, the trial court erred in not granting such leave.

"VI.  The trial court erred in striking the entire amended pleading for the sole stated reason of the addition of class action allegations."

Appellants contend that the order appealed from denies their right to bring a class action and, as such, is a final appealable order. *Portman* v. *Akron Savings & Loan Co.* (1975), 47 Ohio App. 2d 216 [1 O.O.3d 287], paragraph one of the syllabus. Appellees allege that the trial court struck the second amended complaint pursuant to Civ. R. 15(A) because it contained more material than originally ordered by the court. Because the order is ambiguous, both contentions have merit.

If the entry was intended to hold that a class action could not be maintained, it is an abuse of discretion. *Vinci* v. *American Can Co.* (1984), 9 Ohio St. 3d 98, paragraph one of the syllabus. The trial court made no findings concerning the merits of maintaining the

class action. The record contains nothing pertaining to the criteria in Civ. R. 23(A) and (B) with respect to discovery, certification evidence or a certification hearing. There is nothing to indicate that the trial court considered briefs or heard legal arguments on the issue. Under these circumstances, a determination that plaintiffs could not bring a class action is arbitrary and capricious.

If the entry merely strikes the second amended complaint for failure to comply with Civ. R. 15(A), that, too, is error. Mr. Blon became a party due to the July 23 order. The second amended complaint was his first pleading. Thus, he had a right to plead any and all claims available to him, including an attempt to bring a class action. While the judge had authority to strike Mrs. Blon's portion of the second amended complaint filed without leave, striking Mr. Blon's pleadings was improper.

Appellants' assignments of error are well-taken. The judgment is reversed and the cause remanded for further proceedings consistent with the law and this opinion.

*Judgment reversed*
*and cause remanded.*

QUILLIN and BAIRD, JJ., concur.