HENES ET AL., APPELLANTS, *v.* OSTROV CORPORATION, APPELLEE.

(No. 12243—Decided March 12, 1986.)

*Walter J. Vogel* and *Michael A. Dibble,* for appellants.

*Joseph E. Abdenour,* for appellee.

GEORGE, P.J. Plaintiffs-appellants, James L. Henes, Alvin Schindler, A. J. Andreoli, Key Biscayne Hotel Corporation, Thomas Garlando and Cindy Takacs, appeal the trial court's order refusing to certify their cause as a class action pursuant to Civ. R. 23(C).

On December 19, 1984, appellants filed a complaint against defendant-appellee, Ostrov Corporation. The complaint averred that Ostrov had a corporate policy of wrongfully converting monies belonging to policyholders. These funds were in the form of unearned premiums, audit refund premiums, midterm cancellation premiums and endorsement refunds and rebates. Appellants also alleged the requirements for the maintenance of a class action.

Ostrov responded to appellants' complaint with a motion to dismiss the case as a class action. Thereafter, an evidentiary hearing was held for the purpose of determining whether the case should proceed in the class action

form. After hearing the testimony of appellee's former employees and some policyholders, the trial court declined to certify the class. The court found that the individual questions of potential claimants predominated over any questions common to the purported class. The court also found that there were no questions of law or fact common to the alleged class. This court affirms.

### Assignment of Error

"The trial court abused its discretion in denying class certification pursuant to Civ. R. 23(B)(3), and thus the trial court's findings are contrary to law and against the weight of the evidence."

A trial judge has broad discretion in determining whether a case may be maintained as a class action. Absent a showing of abuse of that discretion, a ruling on class certification will not be disturbed. *Schmidt* v. *Avco Corp.* (1984), 15 Ohio St. 3d 310, 312-313, 15 OBR 439, 441, 473 N.E.2d 822, 824. With that guidepost in place, this court will address appellants' assignment of error.

Before a case is permitted to proceed as a class action, several prerequisites must be fulfilled. The trial court must first determine if the criteria set out in Civ. R. 23(A) have been met. Civ. R. 23(A) reads:

"One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class."

If the prerequisites of numerosity, commonality, typicality and adequacy of representation are met, the trial court must then decide whether the class action is one of the three types set out in subdivision (B) of the rule. After determining which category of class action the case falls into, the trial court must then determine if the prerequisites of that category have been satisfied.

On appeal, the appellants maintain that they sought to certify their case as a Civ. R. 23(B)(3) class action. A reading of the trial court's journal entry denying class certification reveals that the trial court treated the case as one being brought under subsection (B)(3). The pertinent parts of the rule read:

"(B) An action may be maintained as a class action if the prerequisites of subdivision (A) are satisfied, and in addition:

"* * *

"(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (a) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (d) the difficulties likely to be encountered in the management of a class action." Civ. R. 23(B)(3).

Appellants had the burden of satisfying both Civ. R. 23(A) and (B). After an extensive evidentiary hearing involving thirteen witnesses and numerous exhibits, the trial court found that:

"* * * individual questions of each claimant predominate over common questions of fact common to a so-called class, and that adjudication of the claim of one individual party would not be dispositive of the interests of the other

parties or members of the so-called class, and that questions of law and fact are not common to the alleged class."

An examination of the evidence presented to the trial court reveals no abuse of discretion. *Schmidt, supra.* The appellants' complaint alleged a corporate policy of converting insurance premiums which were due to be refunded to policyholders. Appellants presented testimony concerning the alleged accounting practices of Ostrov. According to this testimony, refunds due to policyholders were entered into Ostrov's bad debt recovery account. However, none of the witnesses could say whether his individual refund was entered into such an account, how much he or she was owed, or how long he or she had been owed such money. In addition, the testimony revealed that many of the entries in the bad debt recovery account were for clients of independent contractors and not for Ostrov. Also, it was revealed that Ostrov did refund many of the accounts represented in the entries.

The trial court was presented with a multiplicity of questions not common to the purported class. Was each class member entitled to a refund? Had some already been paid? Did an insured drop or add coverage resulting in rate fluctuations? These questions are important because they suggest that each individual class member might have to prove each element of the tort. This would result in a fragmentation of the case into individual actions. Even after obtaining a judgment favorable to the class, individual members would be required to litigate numerous and substantial questions to determine their own right to recover. *Portman* v. *Akron Savings & Loan Co.* (1975), 47 Ohio App. 2d 216, 1 O.O.3d 287, 353 N.E.2d 634, paragraph two of the syllabus.

The trial court did not abuse its discretion. It could have reasonably concluded that individual liability questions predominated over those common to the class.

Appellants also contend that the trial court should have found a class action to be superior to other alternative methods for litigating the case. Appellants point to the nominal amounts of the individual claims as support for their argument. The relative smallness of the individual claims, it is argued, does not justify separate litigation.

The nominal nature of individual claims is an important factor in determining the superiority of a class action over other possible forms of litigation. 3B Moore, Federal Practice (1978), Paragraph 23.45[3], at 23-336, and 23-346 to 23-347. However, when those alternative forms provide the injured parties with a realistic opportunity to obtain relief, they may be superior. *Id.,* Paragraph 23.45[3], at 23-354 to 23-355.

The trial court in the instant case could have concluded that a consolidated action brought by individual parties, making liberal use of the Civil Rules on intervention and joinder, provided such a realistic opportunity. Another alternative is the so-called "test case" or "quasi-class action." A successful lawsuit on behalf of some individuals can be used by others similarly situated as a means of procuring a settlement from the defendant. *Id.,* Paragraph 23.45[3], at 23-356 to 23-357. The trial court could have reasonably concluded that these alternative forms of litigation provided better instruments for the resolution of the instant claims.

Accordingly, the assignment of error is overruled and the order of the trial court denying class certification is affirmed.

*Order affirmed.*

QUILLIN, J., concurs.

MAHONEY, J., dissents.