## Limberios v. Vermilion River Resort
## Case No. 89CA004581
## Lorain County, (9th)
## Decided January 17, 1990
[Cite as 1 AOA 368]

*John t. Murray, Attorney at Law, 300 Central Ave., P. O. Box 19, Sandusky, OH 44871 for Plaintiffs. Dan McGookey, Attorney at Law, 502 W. Washington St., Sandusky, OH 44870 for Plaintiffs.*

*Thomas L. Dalrymple and Dennis a. Lyle, Attorney at Law, One SeaGate, 17th Floor, P. O. Box 2088, Toledo, OH 43603 for Defendants.*

CACIOPPO, P. J.

Defendants-appellants, Vermilion River Resort, Inc., VRR, Inc., Philip Prestagamo, Peter Strineka, Randy Seiber, Philip Golnick, Rich Mascu, Edward Mulhany, Richard Harris, Randy Stevenson, Michael Joseph, Bess Grekis, Lisa Baker, Lori Bode, Jerry Kemfle (Resort), and Coast to Coast, Inc. appeal the trial court's order certifying the Plaintiffs-appellees' cause as a class action pursuant to Civ. R. 23(C).

On February 15, 1989, Michael Limberios and fifty-seven others (Limberios) filed a third amended complaint with class allegations, against Resort, Coast to Coast Inc., Geico Financial Services and Geico Corp. On March 1, 1989, Vermilion River Resort, Inc. filed a motion to strike the class action request. On March 2, 1989, defendant Geico Financial Services, Inc. filed a motion to strike allegations of class representation. On March 15, 1989, Limberios filed a motion for class certification and a reply to Geico's motion. On March 16, 1989, Vermilion River Resort, Inc. requested leave to file a reply to Limberios' brief in opposition to defendant's motion to strike. On April 5, 1989, the court ordered Limberios to produce their six potential class representatives to be deposed by defendants. On April 6, 1989, Limberios filed a supplemental brief in support of class certification with attached affidavits and other evidentiary material. On April 10, 1989, Geico Corp. was dismissed by agreement of the parties. At the May 2, 1989 pretrial, the court ordered the matter of the class action to be submitted on the briefs and ordered defendants to respond to Limberios' supplemental brief on or before May 11, 1989. On May 12, 1989, Geico Financial Services, Inc. responded to the supplemental brief. On May 16, 1989, the trial court granted the motion to certify the class.

The ten-count complaint arose from Resorts' alleged high-pressure sales scheme designed to promote and sell recreational resort memberships to Vermilion River Resort and a travel club. The complaint charged all defendants with fraud, violating the Ohio Consumer Sales Practices Act and the Ohio Deceptive Trade Practices Act and breaching its duty of good faith. It also charged Vermilion

River Resort with breach of contract and Coast to Coast, Inc. with negligence.

Limberios described the class as consisting of all persons other than the defendants, their affiliates, members of their families or agents or employees, who purchased membership in the Resort between August 1, 1987, and August 1, 1988. Limberios requested that the court certify as class representatives Gladys Williams, Michael Bressler, Timothy Ferguson, Tina Schulin and Christine Kosctyo.

On May 18, 1989, all defendants except Coast to Coast, Inc. and Geico Corp. filed notice of appeal. On June 15,1989, Coast to Coast, Inc. filed notice of appeal. By agreement, they consolidated the actions.

A review of the record indicates that Coast to Coast, Inc. did not oppose class certification at the lower court level. An appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at the time when such error could have been avoided or corrected by the trial court. *Verplatse* v. *Verplatse* (1984), 17 Ohio App. 3d 99, 100. Therefore, this court will not consider class certification as it applies to Coast to Coast, Inc.

The single question to be answered in this appeal is whether the trial court properly certified the case *sub judice* to proceed as a class action. In evaluating this question, we are mindful that a trial court has broad discretion in determining whether a class action may be maintained and that determination will not be disturbed absent a showing of an abuse of discretion. *Marks* v. *C.P. Chemical Co.* (1987), 31 Ohio St. 3d 200, syllabus. Abuse of discretion means more than an error of law or judgment, but implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. *Ojalvo* v. *Bd. of Trustees of Ohio State Univ.* (1984), 12 Ohio St. 3d 230, 232. Our function is to determine whether the trial court abused its discretion in certifying this particular class action.

The first step is to read Civ. R. 23 and ascertain if the threshold requirements of division (A) have been met. Once those requirements are surmounted the court must turn to Civ. R. 23(B)(3) to ascertain whether the class comports with the matters specified therein. Before a class may be certified as a class action, a trial judge must make seven affirmative findings. *Warner* v. *Waste Management, Inc.* (1988), 36 Ohio St. 3d 91,

paragraph one of the syllabus. Five prerequisites are explicitly set forth in Civ. R. 23 while two prerequisites are implicit in the rule. *Id.* The two implicit prerequisites are (1) that the class must be identifiable and the definition of the class must be unambiguous and (2) the class representatives must be members of the class. *Id.* at 96.

A trial judge must also find that one of the three Civ. R. 23(B) requirements is met before a class may be certified. *Id.* at 94.

In the case before us, Resort does not take issue with the implied requirement that the class be identifiable, nor the Civ. R. 23(A)(1) numerosity requirement, nor the Civ. R. 23(A)(4) adequate representation requirement.

### ASSIGNMENT OF ERROR A-1

"The trial court erred when it certified the underlying case as a class action where plaintiffs-appellees separately negotiated their contracts under varying circumstances of motive and financing for membership at Vermilion River Resorts and of membership and nonmembership at Camp Coast to Coast.

"1. The trial court's certified class is overboard and therefore not representative of persons having claims against CCC."

Resort argues that the implicit requirement that the class representatives must be members of the class, is not met because all of the representatives do not have a possible claim against Coast to Coast, Inc.

The record before us indicates that the trial court had reasonable basis to conclude that the representatives are members of the class. The trial court based its determination on the complaint and affidavits.

The trial court did not abuse its discretion in finding that the class representatives are members of the class.

### ASSIGNMENT OF ERROR A-2

"This action did not arise out of a common nucleus of operative facts since plaintiffs separately negotiated their memberships at different times and for varying motives."

"Civ. R. 23(A)(2) requires the presence of 'questions of law or fact common to the class.' Courts generally have given this requirement a permissive application. 7A Wright, Miller & Kane, Federal Practice & Procedure (2 Ed. 1986) 169-228, Section 1763. Furthermore, courts are accorded

broad discretion in making this determination. See *Vinci, supra*. It is important to note that this provision does not demand that all the questions of law or fact raised in the dispute be common to all the parties. 3B Moore's Federal Practice (1987), 23-159, Paragraph 23.06-1; see *e.g., Like* v. *Carter* (C.A. 8, 1971), 448 U.S. 1045. Although there may be differing factual and legal issues, such differences do not enter into the analysis until the court begins to consider the Civ. R. 23(B)(3) requirement of predominance and superiority."

*Marks* v. *C.P. Chemical Co., supra*, at 202.

To determine whether there are questions of law and fact common to the class, a court may look to the complaint. See, *Miles* v. *N.J. Motors* (1972), 32 Ohio App. 2d 350.

In the case before us, the trial court properly identified the legal issues common to the class members as breach of contract and good faith, and violations of the Ohio Consumer Sales Practices Act and the Ohio Deceptive Trade Practices Act. The questions common to the class involve allegedly unfair and deceptive sales practices involving oral and written misrepresentations. All the claims stem from the same sales scheme. *Id.*

Resort asserts that a class action is not appropriate because the plaintiffs' degree of reliance differed as they purchased different types of memberships. Courts have held that even necessary proof of reliance by each member of a class on the defendant's misrepresentations will not bar a class action suit. *Portman* v. *Akron Savings and Loan Co.* (1975), 47 Ohio App. 2d 216, 219, cited in *Ojalvo, supra*. In the case before us, the complaint alleges that the plaintiff relied on standardized and written sales materials. The trial court did not abuse its discretion in finding Limberios met the requirements of Civ. R. 23(A) (2).

### ASSIGNMENT OF ERROR A-3
"The claims and defenses of the representative parties are not typical of the claims and defenses of the proposed class as required by rule 23(A) (3)."

Resort argues that the typicality requirement is not satisfied because a large number of the class members did not enter into an agreement with Coast to Coast, Inc., nor did they receive any materials from Coast to Coast, Inc.

Under Civ. R. 23(A) (3) the claims and defenses of the representative parties must be typical of the claims and defenses of the class. The purpose of this provision is to protect absent class members. *Marks* v. *C. P. Chemical Co., supra*, at 202. The typicality requirement is met where there is no express conflict between the representatives and the class. *Id.* The trial judge found no express conflict between the representatives and the class members and we do not find any evidence in the record to contradict this finding. The typicality requirement is met.

### ASSIGNMENT OF ERROR A-4
"Plaintiffs failed to show that the requirements of Rule 23(B) (3) were satisfied."

In addition to satisfying the prerequisites of Civ. R. 23(A), Limberios must also satisfy at least one of the requirements of Civ. R. 23(B). Limberios contends that the pleadings in the case before us satisfy the requirements of Civ. R. 23(B) (3).

The advisory committee staff notes to Civ. R. 23 provide in part: "Subdivision (B) (3) deals with fact patterns in which class action is not so clearly called for, such as * * * a case where a fraud has been perpetrated on a large number of persons".

Civ. R. 23(B) (3) provides that a class action may be maintained if two requirements are met: (1) that questions of law and fact common to members of the class predominate over individual questions, and (2) that a class action is superior to other methods of resolving the controversy. *Marks* v. *C. P. Chemical Co., supra*, at 204.

"[I]n determining whether common questions of law or fact predominate over individual issues, it is not sufficient that common questions merely exist; rather, the common questions must represent a significant aspect of the case and they must be able to be resolved for all members of the class in a single adjudication." *Schmidt* v. *Avco Corp.* (1984), 15 Ohio St. 3d 310, 313. In determining whether a class action is a superior method of adjudication, the court must make a comparative evaluation of the other available procedures to determine if the judicial time and energy involved would be justified. *Id*

An examination of the complaint in the instant case supports the trial court's determination that common issues predominate over individual issues of reliance, causation or danger, and the class will fairly and adequately represent the interests of the absent class members in establishing liability.

The claims of Limberios and the class claims are based upon a common nucleus of operative facts. The success of each individual claim will depend to a great extent upon a favorable disposition of the questions common to all members of the class. For example, if the representative parties are unable to show that Resort's direct mail literature and advertisements and method of offering rebates and other benefits were illegal pursuant to the Ohio Consumer Sales Practices Act and the Ohio Deceptive Trade Practices Act, then the claims of the entire class would also fail in that respect because the procedures employed by Resort were allegedly identical in every case. The same is true for the alleged illegal provisions in the sales scheme and promotional materials used by Resort, since each individual allegedly relied on the representations when entering into the contract. Likewise, the issue of whether Resort breached their contracts by failing to provide certain facilities, present common issues of law and fact. The predominance requirement is met.

Without class certification, putative class members would be required to bring individual suits. The trial court did not abuse its discretion in finding that a class action is superior to other methods of adjudication for the fair and efficient adjudication of this controversy.

The first assignment of error is overruled.

### ASSIGNMENT OF ERROR B

"The trial court's failure to provide an evidentiary hearing constituted error requiring reversal and remand for further proceedings."

Resort argues that the trial court erred when it failed to conduct an evidentiary hearing before it certified the class.

A trial court is not required to hold an evidentiary hearing for all cases of class certification. *Warner* v. *Waste Management, supra,* at 98, fn. 1.

In the case before us, the trial court considered the matter of certification on the briefs presented by Limberios and Resort. The

record indicates that Resort conducted discovery including having plaintiffs available for depositions. Resort was given the opportunity to present evidentiary material and in fact, did so.

The trial court did not err in failing to hold an evidentiary hearing in this case. The second assignment of error is overruled.

Based on the above, this court cannot find that the trial court abused its discretion in certifying the class.

Judgment of the trial court is affirmed.

The Court finds that there were reasonable grounds for these appeals.

We order that a special mandate issue out of this court, directing the County of Lorain Common Pleas Court to carry this judgment into execution.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E).

QUILLIN, J., BAIRD, J., Concur.