DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Erie County Court of Common Pleas granting appellees' Civ.R. 37 discovery motion and simultaneously certifying matter as a class action. The decision entered judgment in favor of the class and defined the formula for liability calculations. For the reasons that follow, we reverse the judgment of the trial court.
 {¶ 2} On appeal, appellant sets forth the following three assignments of error:
 {¶ 3} "I. The visiting judge did not have authority to issue an order certifying this case as a class action and imposing discovery sanctions under Civ.R. 37 because this matter was assigned to the sitting judge and the record is devoid of any journal entry assigning the visiting judge to the case as set forth in the guidelines for assignment of judges.
 {¶ 4} "II. The visiting judge abused his discretion and committed error in certifying the case as a class action inasmuch as there was no motion for class certification pending and the visiting judge failed to make any of the seven affirmative findings required for class certification under Civ.R. 23, depriving NationsBanc of its procedural rights under Civ.R. 23 and its right to due process of law.
 {¶ 5} "III. The visiting judge abused his discretion and committed error when he imposed judgment against NationsBanc as a discovery sanction under Civ.R. 37 inasmuch as the record does not support a finding of sanctionable conduct by NationsBanc and the imposition of such a severe sanction without notice and opportunity for a hearing deprived NationsBanc of its right to due process of law."
 {¶ 6} The following undisputed facts are relevant to the issues raised on appeal. Appellees secured a residential loan from appellant to finance their home located in Berlin Heights, Ohio. Pursuant to the terms of the loan agreement, appellant was obligated to release the mortgage and file a satisfaction of mortgage with the county recorder's office upon full payment of the loan. Appellant was contractually authorized to assess charges to appellees for "any recordation costs" associated with the release and satisfaction.
 {¶ 7} Appellees completed payment of their mortgage. In compliance with its contractual obligations, appellant released the mortgage and filed a satisfaction with the Erie County Recorder's Office. Appellant assessed a $17 charge to appellees for the release and satisfaction costs.
 {¶ 8} The Erie County recording fee to record a mortgage satisfaction is $16. Appellant assessed a $17 charge to appellees. It is this $1 discrepancy between the recordation fee and the amount assessed to appellees which gives rise to this case.
 {¶ 9} Appellant argues the additional $1 assessment can properly be charged to appellees to cover costs of postage, administration, and document transmittal required to comply with appellant's contractual duties. Appellees assert any costs assessed in excess of the $16 recording fee are an unlawful surcharge.
 {¶ 10} On November 6, 2001, appellees filed a complaint against appellant alleging an unlawful recordation cost surcharge. On December 31, 2001, appellant submitted correspondence to trial judge Ann Maschari advising the parties had jointly agreed to stay the litigation while voluntary resolution of the case was pursued. The parties failed to reach a voluntary settlement agreement.
 {¶ 11} In December 2001, appellant specifically requested by letter that a status pretrial conference be scheduled for March 2002. No conference was scheduled. No response of any kind was issued by the trial court.
 {¶ 12} In June 2002, appellant filed a motion for a pretrial scheduling conference. This motion explicitly notified the court that settlement negotiations had failed necessitating the resumption of the litigation. Appellant attached a copy of its December 31, 2001 correspondence requesting a March 2002 status pretrial. The trial court failed to grant or respond to appellant's motion.
 {¶ 13} The record shows the trial court took no action in response to being notified that settlement negotiations had failed and litigation needed to be resumed. The trial court set no deadlines regarding this litigation. The matter sat completely dormant with the trial court for several years.
 {¶ 14} On October 14, 2004, appellant received an order signed by visiting Judge Joseph Cirigliano setting a November 4, 2004 pretrial conference. This pretrial conference finally occurred nearly three years after appellant first requested a scheduling conference with Judge Maschari.
 {¶ 15} The pretrial conference was conducted on November 4, 2004. No pending motions were discussed. No deadlines were established. No evidence pertaining to the merits of the complaint or pending motions was discussed. Nothing of substance transpired. A brief in-chambers meeting without a court reporteror record was the full extent of the conference.
 {¶ 16} The case had been pending before Judge Maschari for three years. No scheduling conference had occurred. No discovery or motion deadlines had been established. No pending motions were ruled upon. No discernible substantive actions had been taken by the trial court. Appellant's requests to the court for a scheduling conference were ignored. The record clearly shows a troublesome pattern of trial court inaction.
 {¶ 17} In April 2005, visiting Judge Cirigliano issued a journal entry in response to appellee's Civ.R. 37 motion. This Civ.R. 37 motion was filed on August 8, 2002. The trial court took no action for 3 years in response to the discovery motion. The 2005 Civ.R. 37 journal entry is the subject of this appeal.
 {¶ 18} Although the case had sat dormant for years, no discovery had been conducted, no hearings had been conducted, no depositions taken, and no other actions common to litigation had occurred, visiting Judge Cirigliano issued a comprehensive journal entry.
 {¶ 19} Appellees' motion for discovery sanctions was granted without comment. Appellant's motion for protective order from discovery filed July 19, 2002, was denied without comment. The matter was certified as a class action without comment, a pending motion, or factual findings. Judgment was rendered against appellant. A precise definition for calculating liability against appellant was established. Appellant filed a timely appeal.
 {¶ 20} In its first assignment of error, appellant argues the visiting judge lacked valid authority to issue the disputed journal entry. In support, appellant argues the record is devoid of a journal entry assigning the visiting judge as delineated in the Supreme Court of Ohio guidelines for the assignment of judges.
 {¶ 21} Our review of the record reveals the trial court failed to comply with two of the Supreme Court of Ohio judge assignment guidelines. Guideline 22 requires the assigned judge notify counsel upon approval by the Chief Justice. Guideline 24 requires a copy of the assignment be entered into the trial court case file. The record reveals that these steps were not taken by the trial court.
 {¶ 22} However, the guidelines are not mandatory. The guidelines have not been adopted as rules pursuant to Art. IV, Section 5 of the Ohio Constitution. Accordingly, failure to abide by them cannot be construed as a fatal or reversible act of the trial court. More importantly, an intervening ruling of this court renders the assignment moot.
 {¶ 23} In support of its first assignment, appellant argued the record was devoid of a journal entry assigning the visiting judge to the case. The parties disputed, briefed, and argued the merits of whether or not the certificate of assignment was properly part of the record. On December 22, 2005, this court ruled, "because Exhibit A is not part of the record, we grant appellant's motion to strike. However, based upon the foregoing discussion, we further grant appellant's [sic] motion to supplement the record of this cause with a certified copy of the certificate of assignment."
 {¶ 24} The record contains a certificate of assignment executed by the Chief Justice of the Ohio Supreme Court assigning the visiting judge to the case. In conjunction with the above, we find appellees' reliance upon our decision in Pheils
persuasive. In the matter of Pheils v. Palmer (Mar. 1, 2002), 6th Dist. No. L-01-1025, we held: "This certificate of assignment demonstrates the legitimacy of Judge Huffman's authority to handle any proceedings in the court for the months of July, August and September 1998 and to conclude any proceedings in which he participated that were pending at the end of that period." Similarly, we find the certificate of assignment establishes Judge Cirigliano's authority to issue the disputed journal entry. Appellant's first assignment of error is not well-taken.
 {¶ 25} In its second assignment of error, appellant argues the visiting judge abused his discretion in certifying the matter as a class action. In support, appellant argues the judge abused his discretion in two separate respects. First, appellant claims the lack of a pending motion for class certification renders the certification decision an abuse of discretion. Second, appellant asserts the trial judge's failure to make factual findings in the class certification ruling renders the action an abuse of discretion.
 {¶ 26} We note that our review of the trial court determination must be done pursuant to the abuse of discretion standard. The Supreme Court of Ohio has consistently held that an abuse of discretion finding requires more than a mere error of law or judgment.
 {¶ 27} It must be shown the trial court's attitude was either unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. Similarly, we have held the trial court is vested with discretion in making class action determinations. These determinations will not be disturbed absent an abuse of discretion. Shaver v. Standard Oil Co. (1990),68 Ohio App.3d 783, at p. 8.
 {¶ 28} Given the abuse of discretion parameters of our review, we must first determine whether the visiting judge's class certification ruling was an abuse of discretion given the absence of a pending motion for certification. Civ.R. 23 sets forth the procedural requirements a party must follow in order to maintain a class action. We have thoroughly reviewed the precise language of Civ.R. 23. We find the language unambiguous on the issue of a motion requirement. No motion is required.
 {¶ 29} Consistent with the lack of a motion requirement, relevant case law affirms that no evidentiary hearing is required of the trial court prior to a class certification decision. As we held in the matter of Keiser v. Oakmont, Inc. (May 11, 1984), 6th Dist. No. WD-83-86, "we conclude that neither an evidentiary hearing nor the setting forth of findings of fact is required in certifying a cause of action as a class action."
 {¶ 30} The Supreme Court of Ohio has also subsequently held an evidentiary hearing is not a mandatory prerequisite in class certification cases. Warner v. Waste Management, Inc. (1988),36 Ohio St.3d 91, at fn. 9. Based upon the foregoing, it is clear that a class certification determination, in and of itself, in the absence of a formal motion for certification, does not constitute an abuse of discretion.
 {¶ 31} Having determined the lack of a motion for certification is not an abuse of discretion, we must now examine whether the trial court's lack of findings on the matter constitutes an abuse of discretion.
 {¶ 32} We note that the record contains no evidence or indicia of what evidence was reviewed or relied upon by the court in awarding class certification. No formal discovery ever took place. The case was essentially dormant for three years.
 {¶ 33} No evidentiary hearing was conducted. The journal entry is wholly devoid of any substantive basis pertaining to the class certification determination. In point of fact, the disputed journal entry issued by the trial court is an exact replica of the proposed journal entry submitted by appellees. There is no evidence in the record from which we can ascertain any definitive substantive basis relied upon by the trial court in support of its decision to award class certification.
 {¶ 34} Our decision in Shaver provides some illumination in our analysis of this matter. Shaver stood for the proposition that an evidentiary hearing is not required in class certification cases. It limited the scope of that legal principle. It applies only to those cases in which the information contained in the pleadings is so unequivocal as to enable a trial court to make a class certification determination by a preponderance of the evidence.
 {¶ 35} Trial courts are permitted to issue class certification decisions without a pending motion, hearing, or making the requisite findings of fact. This is only proper where the factual information set forth in the pleadings is detailed enough to enable the trial judge to make a class certification decision by a preponderance of the evidence.
 {¶ 36} Class certification decisions without hearing are proper in only those limited cases where the record reveals sufficient factual development occurred in the trial court to permit a "meaningful determination as to whether or not a cause of action should be certified as a class action." Clark v.Pfizer (July 13, 1984), 6th Dist. No. S-84-7.
 {¶ 37} Examining the record of this case, in conformity with the above legal standards, we find the trial court class certification decision to be an abuse of discretion. It is not an abuse of discretion based upon the lack of a motion or the lack of an evidentiary hearing. It is an abuse of discretion because there is not sufficient factual evidence in the record to have permitted a meaningful class certification determination by a preponderance of the evidence.
 {¶ 38} The trial judge provided no reasons in support of the decision. The record showed no evidence in support of a meaningful determination. As we recently stated in State v.Roble (Jan. 27, 2006), 6th Dist. No. L-04-1374, "we can only conclude, absent any viable explanation from the trial judge, that the trial judge's decision to deny appellant's pro hac vice motion was an arbitrary and unreasonable denial." Similarly, we can only conclude the trial court's decision to grant class certification was arbitrary and unreasonable. It was an abuse of discretion. Appellant's second assignment of error is found well-taken.
 {¶ 39} In its third assignment of error, appellant argues the visiting judge abused his discretion in rendering Civ.R. 37 discovery judgment against appellant. In support, appellant argues the record lacks evidence in support of a finding of sanctionable conduct.
 {¶ 40} The record shows that on December 31, 2001, appellant notified the trial judge that the parties had jointly agreed to stay all proceedings pending settlement discussions. The trial judge failed to respond to this notification. Settlement discussions were pursued. Settlement discussions failed. In May 2002, appellant filed a motion for a pretrial scheduling conference. Appellant attached a copy of the December 31, 2001 correspondence. The trial court failed to respond. The case was dormant for several years.
 {¶ 41} On November 4, 2004, the visiting judge conducted a cursory, nonsubstantive pretrial. Pending motions were not addressed or discussed. Discovery was not addressed or discussed.
 {¶ 42} The record shows the court had in its possession documentation that all activity had been consensually stayed by the parties. The record shows the trial court had in its possession several requests by appellant to conduct a scheduling conference after negotiations failed. This did not occur. On the contrary, nothing occurred on the part of the trial court for nearly three years. Given appellant's documented efforts in requesting a status/scheduling conference, the trial court's actions in failing to act upon those requests or take any discernible action on the case for several years, we find the visiting judge's Civ.R. 37 determination against appellant to be unreasonable. Appellant's third assignment of error is found well-taken.
 {¶ 43} The judgment of the Erie County Court of Common Pleas is reversed. Appellees are ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
Judgment Reversed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J. Pietrykowski, J. Parish, J. concur.