DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellants appeal the trial court's decision granting Appellees' motion to certify a class in their claims against Appellants for fraud and misrepresentations in the sale of securities. We reverse the trial court's judgment and remand for an evidentiary hearing on the motion for class certification.
 {¶ 2} Appellants are individuals and investing firms involved in the sale of securities. Harold Hopkins is a licensed Ohio insurance agent and a licensed securities salesperson. He owns or controls the brokerage firms and investment agencies named in the complaint, namely Vista Financial Services (an Ohio securities brokerage/dealership); Vista Financial Group (an Ohio insurance *Page 2 
agency); and Horizon Benefit Administration and Flagship Administration (both Ohio investment advisory firms). Linda Hopkins and Steven Hopkins are Harold Hopkins' wife and son, respectively. Appellees claim that all three individuals exercised control over the above-named firms and are responsible for the fraudulent conduct that allegedly occurred.
 {¶ 3} Appellees are individual investors who were allegedly defrauded by Appellants. Each Appellee engaged Harold Hopkins and his companies as investment advisors, and were encouraged to purchase stock in Vista Financial Group or Flagship Administration or both. Each submitted an affidavit with Appellees' motion for summary judgment in the trial court, indicating that Harold Hopkins orally represented to them that the stock he was selling was liquid and low-risk. At the time Appellees purchased the stock, Hopkins did not provide them with the private placement memoranda (PPMs) for Vista Financial and Flagship, which, as Appellees later determined, would have demonstrated that the stock was not liquid and was high risk. Each of Appellees lost substantial savings from their retirement funds as a result of the stock purchases recommended by Hopkins.
 {¶ 4} Based upon the allegations in the complaint and the affidavits provided by Appellees, and without holding a hearing, the trial court granted the motion to certify a class. Appellants appeal that decision, challenging the court's *Page 3 
finding on several of the requirements that must be satisfied under Civ.R. 23 in order for a class to be certified. Appellants assign error as follows:
 FIRST ASSIGNMENT OF ERROR "The trial court committed reversible error in granting [Appellees'] motion for class certification."
 {¶ 5} Appellants contend that the trial court erred in granting Appellees' motion for class certification because Appellees failed to satisfy several of the requirements for class certification.
 {¶ 6} In an appeal of a trial court's decision on a motion to certify a class, an appellate court reviews the trial court's judgment for an abuse of discretion. See Baughman v. State Farm Mut. Automobile Ins.Co. (2000), 88 Ohio St.3d 480, 482-83. An abuse of discretion is more than an error of law or judgment; rather, it is a finding that the trial court's attitude is unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Under this standard of review, an appellate court may not merely substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd (1993),66 Ohio St.3d 619, 621.
 {¶ 7} A class action is permitted under Civ.R. 23(B) subject to the satisfaction of the following prerequisites:
 "(1) an identifiable class must exist and the definition of the class must be unambiguous; (2) the named representatives must be members of the class; (3) the class must be so numerous that joinder of all members is impracticable ('numerosity'); (4) there must be questions of law or fact common to the class ('commonality'); (5) *Page 4 
the claims or defenses of the representative parties must be typical of the claims or defenses of the class ('typicality'); (6) the representative parties must fairly and adequately protect the interests of the class ('adequacy'); and (7) one of the three Civ.R. 23(B) requirements must be met." Carder Buick-Olds Co. v. Reynolds Reynolds, Inc., 148 Ohio App.3d 635, 2002-Ohio-2912, at ¶ 19, citing Hamilton v. Ohio Sav. Bank (1998), 82 Ohio St.3d 67, 71.
 {¶ 8} The last of these requirements refers to the three different grounds for maintaining a class action under Civ.R. 23(B). The type of class Appellees sought to certify falls under Civ.R. 23(B)(3), which requires (in addition to the six general requirements of class actions) that "questions of law or fact common to the members of the class predominate over any question affecting only individual members" ("predominance"), and that the "class action is superior to other available methods for the fair and efficient adjudication of the controversy" ("superiority"). Civ.R. 23(B)(3). When a trial court considers a motion to certify a class, it accepts as true the allegations in the complaint, without considering the merits of those allegations and claims. Ojalvo v. Bd. of Trustees of Ohio StateUniv. (1984), 12 Ohio St.3d 230, 232-234
 {¶ 9} Appellants argue that Appellees failed to satisfy the typicality, adequacy, predominance and superiority requirements, and that their motion to certify a class should therefore have been denied. We will first review each of these four requirements.
 {¶ 10} The requirement of adequacy is placed upon both the class representatives and the class' counsel. However, Appellants have only challenged *Page 5 
the adequacy of Appellees as representatives. "A representative is deemed adequate so long as his or her interest is not antagonistic to that of other class members." Hamilton v. Ohio Sav. Bank (1998),82 Ohio St.3d 67, 77-78, citing Warner v. Waste Management, Inc. (1988),36 Ohio St.3d 91, 98.
 {¶ 11} The typicality requirement has generally been liberally applied, and the courts have acknowledged that it is not a demanding requirement. See Baughman, 88 Ohio St.3d at 484. However, it is a still a requirement, and it ensures that "the interests of the named plaintiffs are substantially aligned with those of the class." Id. While it does not demand that the representatives and class members be identically situated, typicality does require that the representative plaintiffs claimed wrong "arise from the same event or practice or course of conduct that gives rise to the claims of other class members." Id. at 485, citing 1 Newberg on Class Actions (3 Ed.1992) 3-74 to 3-77, Section 3.13.
 {¶ 12} Finally, the Civ.R. 23(B)(3) factors, predominance and superiority, also deal with the requirements that the factual circumstances and evidence in a class action be universal among the class members, making a class action the most efficient and economical method of resolving the matter. The Supreme Court of Ohio has held that the predominance requirement is met "when there exists generalized evidence which proves or disproves an element on a simultaneous, class-wide basis, since such proof obviates the need to examine each class member's individual position." Baughman, 88 Ohio St.3d at 489
(Citations *Page 6 
omitted). In the court's determination of both predominance and superiority, "the key should be whether the efficiency and economy of common adjudication outweigh the difficulties and complexity of individual treatment of class members' claims." Warner,36 Ohio St.3d at 96 (Internal citations omitted).
 {¶ 13} In this case, there are general allegations that Appellants orally misrepresented to Appellees the characteristics of the stock Appellants were selling, and that Appellants withheld certain information from Appellees that would have made a difference to Appellees in their decisions regarding purchase of the stock. Because there is no written record of the representations made, there is no clear indication that they were similar enough among the members of the class and its representatives to satisfy the typicality and predominance requirements. Moreover, because the trial court did not hold an evidentiary hearing, and because the motion to certify the class was ruled upon prior to discovery in this case, there is no record to answer the questions about the similarity of circumstances among class members.
 {¶ 14} The Ohio Supreme Court has said that, although a trial court is not required to hold an evidentiary hearing in order to rule on a motion to certify a class, "[i]t is rare * * * that the pleadings in a class certification action will be so clear that a trial judge may find, by a preponderance of the evidence, that certification is or is not proper."Warner, 36 Ohio St.3d, FN9. The Sixth District applied this observation by the Supreme Court in Shaver v. Standard Oil Co. *Page 7 
(1990), 68 Ohio App.3d 783, and again in Ward v. Nationsbanc MortgageCorp., 6th Dist. No. E-05-040, 2006-Ohio-2766. According to the Sixth District, the proposition that a trial court may rule on a motion for class certification without first holding an evidentiary hearing "applies only to those cases in which the information contained in the pleadings is so unequivocal as to enable a trial court to make a class certification determination by a preponderance of the evidence."Ward at ¶ 34.
 {¶ 15} In this case, the pleadings in the trial court were not so unequivocal as to lead the trial court to a determination that a class action was the superior method of resolving Appellees' claims. While courts have permitted class actions to proceed on the basis of misrepresentations or the withholding of information, such actions involved written forms that clearly showed similarity of claims among the various class members and representatives. See Baughman,88 Ohio St.3d at 490, citing Cope v. Metropolitan Life Insurance Co. (1998),82 Ohio St.3d 426, 430 (Noting that "material variation in the representations made or in the kinds or degrees of reliance" by the people to whom the misrepresentations were made may operate to negate the effectiveness or appropriateness of a class action.) Without a writing or some other clear evidence that the misrepresentations were sufficiently similar (or that they lacked material variation), we cannot properly evaluate the trial court's decision, particularly on the questions of typicality and predominance. *Page 8 
 {¶ 16} Applying the reasoning employed by the Sixth District inWard, we find that the evidence before the trial court in this case was insufficient to permit the court to grant Appellees' motion to certify a class without first holding an evidentiary hearing. Appellants' sole assignment of error is affirmed. The decision of the trial court is reversed and the cause remanded for proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30. *Page 9 
Costs taxed to Appellees.
 CARR, J. MOORE, J. CONCUR *Page 1