DECISION AND JUDGMENT
{¶ 1} This is the second appeal of a judgment of the Erie County Court of Common Pleas certifying this cause as a class action. See Miller v.Volkswagen of America, Inc., et al., 6th Dist. No. E-05-005.
 {¶ 2} In August 2004, appellees, Charles and Vivian Miller, filed a class action complaint alleging breach of express warranty and implied warranty of fitness for a *Page 2 
particular purpose against appellant, Volkswagen of America, Inc., as well as Sandusky Motors, Inc., and Cappo Management XV, Inc., d.b.a. Victory Honda of Sandusky. The complaint asserted that on May 21, 2002, appellees purchased a 2002 Volkswagen Jetta from Sandusky Motors, Inc. The complaint further alleged that on July 16, 2004, the front bumper on their Jetta "hooked onto a standard wheel stop" in a parking lot and was damaged when appellees backed out of the parking space. According to appellees, the damage occurred due to a design defect in the front bumper assembly because the bumper and/or the spoiler are lower to the ground than the height of a curb or a concrete tire stop. Finally, appellees stated that when they sought to have their Jetta bumper repaired or replaced, Volkswagen said that it would authorize the repairs to be made without any charge to appellees. The Millers claimed that the corporation later withdrew this authorization, and they were, therefore, forced to pay for repairs.
 {¶ 3} In their motion for class certification, appellees asked the court to allow them to represent two classes: Class A and Class B. They proposed that Class A consist of all "individuals and entities who currently own or lease a 1999, 2000, 2001 or 2002 Volkswagen Jetta in Ohio." Proposed Class B would be comprised of: "all individuals and entities in Ohio who purchased, leased or acquired a 1999, 2000, 2001 or 2002 Volkswagen Jetta within the applicable limitation period and who incurred expenses, not covered or reimbursed by [the defendants], when the vehicle suffered damage to the front bumper assembly and as a result of contact with a wheel stop or curb." For Class A, appellees sought injunctive and declaratory relief. For Class B, appellees requested *Page 3 
compensatory damages, prejudgment interest, costs, and attorney's fees. The defendants filed detailed objections to the motion for certification and requested an evidentiary hearing.
 {¶ 4} On December 27, 2004, a visiting judge in the court below made, inter alia, the following entry: "Plaintiffs' motion for class certification is granted." Volkswagen of America, Inc., Sandusky Motors, Inc., and Cappo Management XV, Inc., d.b.a. Victory Honda of Sandusky, timely appealed that judgment to this court. Miller v. Volkswagen ofAmerica, Inc., et al., at ¶ 7. We reversed the trial court's judgment holding that the court abused its discretion in granting the motion because it failed to make any findings with regard to the Civ. R. 23 prerequisites and did not address the defendants' objections. Id. at ¶ 17. We then remanded the trial court's judgment for further proceedings consistent with our decision. Id. at ¶ 19.
 {¶ 5} Upon our remand, the common pleas court judge held an evidentiary hearing on the question of class certification. Appellees' expert, David R. McLellan, who worked for General Motors and was the Chief Engineer for the design of Chevrolet Corvettes from 1975 until 1992, testified that, in his opinion, the problems with the Jetta's front bumper assembly was a design defect (the assembly is plastic, it does not have aluminum skid bars, the bumper assembly is approximately four inches off the ground) that would be damaged every time that one of these Jettas was pulled over a standard six inch wheel stop/tire barrier or curb to the point where the curb or wheel stop was within four or five inches of the same. *Page 4 
 {¶ 6} On July 19, 2007, the trial court filed a 24 page decision in which it discussed the evidence offered at the hearing and examined each of the requisites set forth in Civ. R. 23. The court concluded that appellees failed to offer any evidence as to Cappo Management XV, Inc., d.b.a Victory Honda and Sandusky Motors, Inc., and declined to certify a class action as to these defendants. The court did, however, certify a single class, pursuant to Civ. R. 23(B)(3), as to appellant, Volkswagen of America, Inc. This class is defined as:
 {¶ 7} "All individuals and entities in Ohio who purchased, leased or acquired a 1999, 2000, 2001 or 2002 Volkswagen Jetta and who incurred expenses not covered or reimbursed by Volkswagen, when the vehicle suffered damage causing the front bumper assembly to separate from the body of the car as a result of contact with the underbody of the vehicle with a wheel stop, tire barrier or curb, during the period of time wherein the New Car Warranty for that vehicle was in effect."
 {¶ 8} Appellant appeals the trial court's judgment and maintains that the following errors occurred in the proceedings below:
 {¶ 9} "Assignment of Error I
 {¶ 10} "The trial court certified a class which is not administratively identifiable or clearly defined as required by Rule 23(A)
 {¶ 11} "Assignment of Error II *Page 5 
 {¶ 12} "By making merits issues determinative of membership in the class, the trial court improperly certified a fundamentally improper and unconstitutional `Fail Safe' class.
 {¶ 13} "Assignment of Error III
 {¶ 14} "The few, if any, individuals who might qualify for membership in the class certified below cannot meet the numerosity requirement of Rule 23(A)
 {¶ 15} "Assignment of Error IV
 {¶ 16} "The claims of the Millers do not share common questions of law or fact, nor are they `typical' of those of other potential class members under Rule 23(A).
 {¶ 17} "Assignment of Error V
 {¶ 18} "The Millers, who are not even members of the class certified below, are by definition not adequate class representatives as required by Civ. R. 23(A)(4). Their complete lack of involvement, or even meaningful knowledge, of this action further disqualifies them on that ground.
 {¶ 19} "Assignment of Error VI
 {¶ 20} "The class certified below fails to meet the applicable requirements of Rule 23(B)(3).
 {¶ 21} "Assignment of Error VII
 {¶ 22} "The trial court's certification was improper because the type of damage incurred by the class members is excluded from coverage by the terms of the express warranty. *Page 6 
 {¶ 23} "Assignment of Error VIII
 {¶ 24} "The trial court's class certification of claims for breach of implied warranty was inappropriate because of lack of privity between Volkswagen and all plaintiffs."
 {¶ 25} A trial court has the discretion to certify a cause of action as a class action. Marks v. C.P. Chem. Co., Inc. (1987),31 Ohio St.3d 200, syllabus. Thus, we will not disturb the trial court's judgment absent an abuse of discretion, that is, only if the lower judge's attitude in reaching his decision was unreasonable, arbitrary or unconscionable. In re Consol. Mtge. Satisfaction Cases,97 Ohio St.3d 465, 2002-Ohio-6720, ¶ 5 (citation omitted). Nevertheless, a trial court's discretion on the question of class certification is not unlimited, and must be exercised within the framework of Civ. R. 23.Hamilton v. Ohio Sav. Bank (1998), 82 Ohio St.3d 67, 70. There are seven prerequisites that must be met before a court can certify a case as a class action. Warner v. Waste Mgt, Inc. (1988), 36 Ohio St.3d 91, paragraph one of the syllabus. These prerequisites are: (1) an identifiable class exists and the definition of that class is unambiguous; (2) the named representatives are members of the class; (3) the class is so numerous that joinder of all members is impracticable; (4) questions of law or fact exist that are common to the class; (5) the claims or defenses of the representative parties are those typical of the claims or defenses of the class; (6) the representative parties can fairly and adequately protect the interests of the class; and (7) one of the three Civ. R. 23(B) requirements is met. Hamilton v. Ohio Sav.Bank, 82 Ohio St.3d at 71, Civ. R. 23(A) and (B). Keeping these precepts in mind, we now turn to appellant's assignments of error. *Page 7 
 {¶ 26} In its Assignment of Error No. I, appellant maintains that the class certified by the trial court was not administratively feasible to be identifiable or clearly defined at the time of certification. Appellant claims that in order to identify the members of the class, the trial court would be required to inquire into the facts of each individual class member as to the condition of his or her Jetta, driver negligence, the height of the curb or wheel stop, and the location and extent of the damage. In other words, appellant claims that the members of the class in this cause cannot be determined through reasonable efforts. See Cicero v. U.S. Four, Inc., 10th Dist. No. 07AP-310.2007-Ohio-6600, ¶ 14 (citations omitted).
 {¶ 27} An identifiable class must exist at the time of certification.Warner v. Waste Management, Inc., 36 Ohio St.3d at 96. Any definition of the class must be unambiguous and ascertainable by means of reasonable effort. Id. Nevertheless, the "mere existence of different facts associated with the various members of a proposed class is not by itself a bar to certification of that class." In re Consol. Mtge. SatisfactionCases, 97 Ohio St.3d at ¶ 10 (discussing the commonality prerequisite). Here, the definition of the class includes only certain individuals who owned Volkswagen Jettas manufactured in certain years, 1999 to 2002. Their damages (the separation of the front bumper assembly of the car from the body) are required to occur as the result of a specified cause (contact of the underbody with a curb or wheel stop) and must take place during a particular time frame (within the new vehicle warranty period). Furthermore, the class members must have paid for the repair of the damage to their Jettas themselves. *Page 8 
These factual issues are central to all of the class, and there is no need to inquire into those matters, e.g., the condition of each Jetta, raised by appellant in order to determine who is a class member. Therefore, the class, as certified herein, is a definite class. SeeWalker v. Firelands Community Hosp. (Oct. 5, 2001), 6th Dist. No. E-01-006. Accordingly, appellant's Assignment of Error No. I is found not well-taken.
 {¶ 28} Appellant's Assignment of Error No. II alleges that the common pleas court certified a fundamentally improper and unconstitutional "fail safe" class by defining the class in terms of bumper damage experienced only under specific conditions. A fail safe class is created when a court is required to hold "mini-hearings" on the merits of each individual claim in order to determine the members of the class.Eisen v. Carlisle Jacquelin (1974), 417 U.S. 156, 177. In order to decide whether a proposed class includes merit determinations, a trial court must decide whether that class "rests upon a paramount liability question." Dale v. Daimler Chrysler Corp. (2006), 204 S.W.3d 151, 179, citing Intratex Gas Co. v. Beeson (Tex. 2000), 22 S.W.3d 398, 404. In such a case, the class would only be bound by a judgment that is favorable to the class but not a judgment favorable to the defendant. Id.; Dafforn v. Rousseau v. Russell Associates. Inc.(N.D.Ind. 1996), 1976-2 Trade Cases P61, 219. Therefore, to determine whether a class definition includes a merit determination, a court must decide whether the class would still exist if the defendant in the class action prevails at trial. Dale v. Daimler Chrysler Corp.,204 S.W.3d at 179-180, citing Intratex Gas Co. v. Beeson, 22 S.W.3d at 405. *Page 9 
 {¶ 29} Assuming that appellant was not found liable in the instant case, the class would still exist because determining the members of the class does not rest upon a determination of the merits of this cause. That is, a class of individuals would still exist for: (1) owners of Jettas manufactured from 1999 through 2002; (2) whose front bumper assembly of those vehicles was damaged as the result of contact with a curb or wheel stop/tire barrier; (3) during the relevant warranty period; and (4) who were required to pay for the repair to their vehicle. Cf Intratex Gas Co. v. Beeson, 22 S.W.3d at 405 (finding that the trial court abused its discretion in certifying class composed of plaintiffs "whose natural gas was taken by the defendant in less than their ratable proportions" because class membership could not be determined until the certified issue, "whether Intratex nonratably took gas from class members" was the central merit issue to be determined at trial); Dunn v. Midwest Buslines, Inc. (E.D.Ark. 1982), 94 F.R.D. 170,172 (denying certification of a class composed of persons "who have actually been discriminated against" due to the fact that the class was unlimited until a decision on the merits). Accordingly, appellant's Assignment of Error No. II is found not well-taken.
 {¶ 30} Appellant's Assignment of Error No. III urges that the trial court erred in finding that the proposed class met the numerosity requirement of Civ. R. 23(A). Appellant insists that only a maximum of nine Jetta owners during the relevant time frame can be included in the defined class. Initially, we note that appellant adds a requirement for class membership that is not a part of the trial court's definition of the class in this case. Specifically, appellant asserts that in order to be a member of the class *Page 10 
an individual must have filed a claim for reimbursement from Volkswagen for the damaged bumper assembly and been rejected. A plain reading of the class definition, as set forth above, belies this assertion.
 {¶ 31} Pursuant to Civ. R. 23(A)(1), class certification is proper in those instances where the "class is so numerous that the joinder of all members is impracticable." Joinder is more likely to be impracticable if, as in this case, each class member's claim involves only a small amount of damages. Hamilton v. Ohio Sav. Bank, 82 Ohio St.3d at 75
(citation omitted). A proposed class of more than 40 members generally meets the standard for numerosity. Warner v. Waste Mgmt, Inc.,36 Ohio St.3d at 97, quoting Miller, An Overview of Federal Class Actions: Past, Present, and Future (2 Ed. 1977) at 22. A class size of less than 25 usually indicates that numerosity is lacking. Id. If the class size falls between 25 and 40, there is generally no automatic rule. Id. While the representatives in a class action are not required to identify the exact number of members in the proposed class, they are required to produce some evidence or a reasonable estimate of the number of class members. Williams v. Countrywide Home Loans, Inc., 6th Dist. No. L-06-1120, 2007-Ohio-5353, ¶ 19, citing Cervantes v. Sugar Creek PackingCo., Inc. (S.D.Ohio 2002), 210 F.R.D. 611, 621. A court is, however, permitted to make common sense assumptions in determining whether the numerosity requirement is satisfied. Id. at ¶ 19, citing Evans v. U.S.Pipe Foundry Co. (C.A.11, 1983), 696 F.2d 925, 930. *Page 11 
 {¶ 32} Here, appellant claims that only eight calls were made to its customer care center making the same complaint concerning the front bumper of a Jetta manufactured in the years 1999 through 2002. Nevertheless, appellees offered evidence of the fact that 17,500 Jettas for the model years 1999 through 2002 were sold in the state of Ohio. Appellees also point out that the warranty for the Jetta for those years directs the owner to the dealership for warranty service and part replacement; thus, it can be assumed that many of those owners, including the Millers, never called the customer care center.
 {¶ 33} Furthermore, it is undisputed that 1,496 calls or written complaints made nationwide involved the repair or replacement of a Jetta's front bumper for the relevant model years. A review of appellee's Exhibit 9 documenting these calls reveals that many of the contacts were made by a dealership seeking reimbursement for repair or replacement of the Jetta's front bumper (many of which could be reimbursement for the same damage suffered by appellees' Jetta), were second or more times that said bumper needed to be replaced or repaired for the same reason (being caught on a wheel stop or curb and pulled off or damaged), were paid one time as "goodwill assistance" or a "goodwill gesture," were deemed to "need [a] diagnosis," or were classified as "concerns noted."[1] Based upon the foregoing, there could easily be a class of 40 or more, or between 25 and 40, in this cause. Therefore the trial court did not err in finding that the *Page 12 
numerosity prerequisite was met in the instant case, and appellant's Assignment of Error No. III is found not well-taken.
 {¶ 34} In its Assignment of Error No. IV, appellant contends that appellees do not share common questions of law or fact with any other potential class members and are not "typical" of these class members. Appellant bases these contentions on the fact that appellees' Jetta has a four year/50,000 mile warranty while a purported three-fourths of the class have a two year/24,000 mile warranty.
 {¶ 35} Under Civ. R. 23(A)(2), the class members must have common questions of law or fact. Hamilton v. Ohio Sav. Bank,82 Ohio St.3d at 77. Nonetheless, every issue or fact need not be common to the class. Id. Rather, the existence of a common nucleus of operative facts or common liability satisfies the rule. Id. (Citation omitted.) The commonality requirement to class certification requires that "there are questions of law or fact common to the class." Civ. R. 23(A)(2). The commonality requirement is generally given a permissive application.Marks v. C.P. Chemical Co. (1987), 31 Ohio St.3d at 202.
 {¶ 36} The common nucleus of facts in this cause are that a breach of an express or implied warranty took place when appellant failed to repair or replace the front bumper assembly of Jettas (1999 through 2002 models) that happened as the result of parking over a standard curb or wheel stop during the warranty period. The fact that the different *Page 13 
models had differing warranty periods[2] has no relevance to this common nucleus because the damages suffered by each member of the class must arise during the life of that warranty — be it two years/24,000 miles or four years/50,000 miles. Accordingly, the trial court did not err in determining that the class members in this cause have both common questions of law and fact.
 {¶ 37} The prerequisite of "typicality" requires a court to decide whether the claim of the class representatives is substantially similar to the claims of the other class members, that is, whether there is an express conflict between the class representatives and other members of the class. Hamilton v. Ohio Sav. Bank, 82 Ohio St.3d at 77. This inquiry is necessary in order to protect absent class members and to promote "the economy of class action by ensuring that the interests of the named plaintiffs are substantially aligned with those of the class."Baughman v. State Farm Mut. Ins. Co., 88 Ohio St.3d 480, 2000-Ohio-397, at 484, citing 5 Moore's Federal Practice (3 Ed. 1977) 23-92 to 23-93, Section 23.24[1].
 {¶ 38} Here, the only members of the class thus far are appellees. While this is not the ordinary situation, see Williams v. CountrywideHome Loans, Inc., 2002-Ohio-5499 at ¶ 32, Civ. R. 23(A) expressly contemplates such circumstances by stating: "One or more members of a class may sue or be sued as a representative on behalf of all * * *. Moreover, in the case under consideration, appellant's only argument against typicality is *Page 14 
that the warranty periods for the Jettas are different. This fact, in and of itself, does not create a conflict between appellees and potential class members because it does not affect the common question of appellant's alleged breach of warranty and or implied warranty.
 {¶ 39} For all of the foregoing reasons, appellant's Assignment of Error No. IV is found not well-taken.
 {¶ 40} In its Assignment of Error No. V, appellant maintains that appellees are not adequate representatives of the proposed class because they (1) "never made a claim for coverage under their warranty and they never sought reimbursement from appellant;" and (2) failed to demonstrate knowledge of the class action or a willingness to serve as a class representative.
 {¶ 41} Appellant's first argument is without merit due to the fact that the definition of the class does not include terms requiring class members to make a claim under their New Car Limited Warranty or to seek reimbursement for repairs from appellant. As to the second issue, Civ. R. 23(A)(4) requires that the representative parties must "fairly and adequately protect the interests of the class." Adequacy of the representative also includes adequacy of counsel.[3] In re: RogersLitigation, Ms. X v. Rogers, 6th Dist. No. S-02-042, 2003-Ohio-5976, ¶ 33. The representatives of a proposed class are adequate so long as their interests are not antagonistic to the other class members.Hamilton Sav. Bank, 82 Ohio St.3d at 77-78; Warner v. Waste Mgt,Inc., 36 Ohio St.3d at 98. Doubts *Page 15 
concerning adequate class representation are resolved "in favor of upholding the class, subject to the trial court's authority to amend or adjust its certification order as developing circumstances demand including the augmentation or substitution of representative parties."Baughman v. State Farm Mut. Auto, Ins. Co., 88 Ohio St.3d at 487-488.
 {¶ 42} As applied to the instant case, appellant fails to offer any evidence of the fact that appellees' interests are, in any way, antagonistic to any potential class members. Furthermore, while Charles Miller did not realize that he was a class representative, he knew that the hearing in this cause was a "class action lawsuit hearing." On the other hand, Vivian Miller testified that she and her husband knew, from the start, that they were "representing people that have had the same problem that we've had with our Jetta." Thus, we find that the Millers are adequate representatives of this class. Consequently, appellant's Assignment of Error No. V is found not well-taken.
 {¶ 43} Appellant's Assignment of Error No. VI contends that appellees failed to establish that common issues of law and fact predominate over individual questions as required by Civ. R. 23(B)(3).
 {¶ 44} A Civ. R. 23(B)(3) class action is a damages action.Hamilton v. Ohio Sav. Bank, 82 Ohio St.3d at 79. Civ. R. 23(B)(3) provides that a damages action may be maintained as a class action if "the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual *Page 16 
members and, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy."
 {¶ 45} Performing a rigorous analysis of the Civ. R. 23(B)(3) predominance requirement requires an examination of common issues versus individual issues. Linn v. Roto-Rooter, Inc., 8th Dist. No. 82657,2004-Ohio-2559, ¶ 14, discretionary appeal not allowed,103 Ohio St.3d 1480, 2004-Ohio-5405. Common questions must only predominate; they do not need to be dispositive of the litigation. Cicero v. U.S. Four,Inc., supra, at ¶ 37, citing In re Foundry Resins AntitrustLitigation (S.D.Ohio 2007), 242 F.R.D. 393, 409. A predominance inquiry is, however, more demanding than the Civ. R. 23(A) commonality requirement and focuses on the legal or factual questions that qualify each class member's case as a genuine controversy. Williams v.Countrywide Home Loans, Inc., supra, at ¶ 35.
 {¶ 46} Appellant contends that "no one set of operative facts establishes liability to all putative class members." As examples, appellant asserts that the damages of each class member is "markedly different;" that the New Vehicle Limited Warranties are different in terms and duration, that the "contact" that caused the alleged damage to the vehicles are separate occurrences with different factual circumstances that provide "unique affirmative defenses to each Defendant." We disagree.
 {¶ 47} The common set of facts that predominate in this cause are that the front bumper assembly, which is composed of plastic, of the Jetta in the named model years is too low for clearance of a standard curb or wheel stop and is thereby damaged. Of *Page 17 
course, the degree of damage might vary as to individual class members, but this does not overcome the predominance of the common set of facts. As stated infra, our review of the relevant Limited New Car Warranties shows no difference in terms, but only in the number of years or mileage, whichever comes first, for the period of coverage. Nor do, in our opinion, any of the other alleged facts, e.g., the fact that Mr. Miller was not wearing his hearing aid at the time of the damage to his car, overcome that predominance. Finally, although appellant's affirmative defenses may differ, e.g., an allegation that the damage occurred when the Jetta was out of warranty, does not, once again, obviate the predominance of the common set of facts in this cause. But, see, Volkswagen of America, Inc. v. Sugarman, 909 S.W.2d 923 (finding that individual inquiry into the cause of the damages to each Jetta would require a series of mini-trials).
 {¶ 48} Appellant makes no argument, as it failed to do below, relative to the superiority of a class action. The trial court did, however, find that "[a] class action is superior to any other alternative for an efficient adjudication of the issues in this case." We agree and adopt the trial court's findings on this issue as our own. As a result, we hold that the trial judge did not abuse his discretion in certifying this cause as a class action under Civ. R. 23(B)(3). Appellant's Assignment of Error No. VI is found not well-taken.
 {¶ 49} Both appellant's Assignments of Error Nos. VII and VIII ask this court to consider the merits of appellees' claims of breach of express warranty and breach of *Page 18 
implied warranty. These issues are, therefore, not ripe for review and will not be addressed by this court.
 {¶ 50} The judgment of the Erie County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., Arlene Singer, J., CONCUR.
[1] Appellant refers to the deposition of Dawn Dameron in its reply brief and attaches excerpts, presumably from that deposition to that brief. We find, however, upon a careful review of the record of this cause, said deposition was never filed in the court below.
[2] A reading of both "Limited New Vehicle Warranty" clauses reveals that, except for the length of the warranty, they are identical.
[3] The trial court determined that counsel for the class was adequate. Because, however, appellant fails to raise the question of the adequacy of appellees' trial counsel we need not address this issue. See App. R. 12(A). *Page 1