[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 11, 2002
THOMAS K. KAHN
CLERK

No. 01-11575

D. C. Docket No. 94-02036 CV-LCN

FRANK FRANZE,
GEORGE BUSHER, individually and on
behalf of all others similarly situated,

Plaintiffs-Appellees,

versus

EQUITABLE ASSURANCE,
EQUITABLE VARIABLE LIFE INSURANCE COMPANY,

Defendants-Appellants.

Appeal from the United States District Court
for the Southern District of Florida

**(July 11, 2002)**

Before ANDERSON, DUBINA and MARCUS, Circuit Judges.

DUBINA, Circuit Judge:

This is an interlocutory appeal from a district court's grant of class certification. Frank Franze, Jr. ("Franze") and George Busher ("Busher") sued Equitable Life Assurance Society of the United States and Equitable Variable Life Insurance Company (jointly referred to as "Equitable") for securities fraud in their sale of Variable Life Insurance ("VLI") policies. The district court granted a motion for class certification, and, pursuant to Federal Rule of Civil Procedure 23(b)(3), certified against Equitable a class consisting of "all persons who purchased [VLI] policies from [Equitable] any time between September 30, 1991, and January 3, 1996, inclusive." We allowed Equitable to appeal under Federal Rule of Civil Procedure 23(f).[1] After a thorough review of the record, we reverse the district court's certification of the class because we conclude that the statute of limitations bars the class representatives' claims.

## I. BACKGROUND

Franze and Busher bought individual VLI policies from Equitable in the summer of 1993. On September 29, 1994, Franze and Busher sued Equitable on behalf of themselves and a nationwide class of persons who purchased VLI policies from Equitable during a 51-month period ("Plaintiffs"). The lawsuit

---

[1]Federal Rule of Civil Procedure 23(f) provides, in pertinent part, that "[a] court of appeals may in its discretion permit an appeal from an order of a district court granting or denying class action certification under this rule." Fed. R. Civ. P. 23(f).

alleged two claims of security fraud: (1) violations of sections 12(2)[2] and 15[3] of the

Securities Act of 1933, and (2) violations of sections 10(b)[4] and 20(a)[5] of the

Securities Exchange Act of 1934, as well as Rule 10-b5[6] promulgated thereunder.

---

[2] Section 12(2) of the Securities Act of 1933 provides liability for:
Any person who--
(1) offers or sells a security in violation of section 77e of this title, or
(2) offers or sells a security . . . which includes an untrue statement of a material fact
or omits to state a material fact necessary in order to make the statements, in the light
of the circumstances under which they were made, not misleading (the purchaser not
knowing of such untruth or omission), and who shall not sustain the burden of proof
that he did not know, and in the exercise of reasonable care could not have known,
of such untruth or omission, . . . .
15 U.S.C. § 77l (1997).

[3] Section 15, of the Securities Act of 1933 provides for joint and several liability for "[e]very person who . . . controls any person liable under sections 77k or 77l of this title, . . . unless the controlling person had no knowledge of or reasonable ground to believe in the existence of the facts by reason of which the liability of the controlled person is alleged to exist."
15 U.S.C. § 77o (1997).

[4] Section 10(b) states that it is unlawful for any person:
(b) To use or employ, in connection with the purchase or sale of any security
registered on a national securities exchange . . . any manipulative or deceptive device
or contrivance in contravention of such rules and regulations as the Commission may
prescribe as necessary or appropriate in the public interest or for the protection of
investors.
15 U.S.C. § 78j(b) (1997).

[5] Section 20(a) provides for joint and several liability for "[e]very person who, directly or indirectly, controls any person liable under any provision of this chapter . . . unless the controlling person acted in good faith and did not directly or indirectly induce the act or acts constituting the violation or cause of action."
15 U.S.C. § 78t(a) (1997).

[6] Rule 10b-5 makes it unlawful:
for any person, directly or indirectly, by the use of any means or instrumentality of
interstate commerce, or of the mails or of any facility of any national securities exchange,
(a) To employ any device, scheme, or artifice to defraud,
(b) To make any untrue statement of a material fact or to omit to state a material fact
necessary in order to make the statements made, in the light of the circumstances

Plaintiffs contend that Equitable violated these securities laws by training its agents to obscure the nature and costs of the VLI contracts during the agents' oral presentations to approximately 237,500 VLI investors and to inform the investors that the cost of the VLI policies would increase as the investors' age increases. Because of the agents' alleged deceptive sales techniques, Plaintiffs contend that they mistakenly believed that Equitable was selling them pension plans, retirement plans, or education funding plans, comprised of high return mutual fund investments, rather than life insurance. Plaintiffs allege that Equitable violated the securities laws by both orally omitting information in its sales presentations and materially misleading investors in its written disclosures.

The Plaintiffs moved the district court to certify the class, and Equitable moved for summary judgment, arguing that the statute of limitations barred the class representatives' claims. After discovery, the district court certified the class under Federal Rule of Civil Procedure 23(b)(3), and in the same order, denied Equitable's motion for summary judgment. Equitable appealed the class certification issue and, in our discretion, we accepted the appeal under Federal

under which they were made, not misleading, or
(c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.
17 C.F.R. § 240.10b-5 (2002).

4

Rule of Civil Procedure 23(f). Under Rule 23(f), our review is limited to the class certification issue; specifically, whether the district court abused its discretion in certifying as a class "all persons who purchased Variable Life Insurance policies from [Equitable] any time between September 30, 1991, and January 3, 1996, inclusive." *See Piazza v. Ebsco Indus., Inc.*, 273 F.3d 1341, 1345 (11th Cir. 2001).

## II. DISCUSSION

Rule 23 of the Federal Rules of Civil Procedure sets forth the requirements that a moving party must satisfy before a court may certify a class. Subsection (a) states:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(a). These requirements are commonly referred to as "'the prerequisites of numerosity, commonality, typicality, and adequacy of representation . . . .'" *Piazza*, 273 F.3d at 1346 (quoting *Gen. Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 156, 102 S.Ct. 2364, 2370, 72 L.Ed.2d 740 (1982)). The purpose of the Rule 23(a) requirements is to "limit class claims to those 'fairly

5

encompassed' by the named plaintiffs' individual claims." *Piazza,* 273 F.3d at

1346 (quoting *Gen. Tel. Co.*, 475 U.S. at 156, 102 S. Ct. at 2370). In addition to

the Rule 23(a) requirements, a court must find that the class satisfies at least one of

the requirements of Rule 23(b). *Id. (*citing *Jackson v. Motel 6 Multipurpose, Inc.*,

130 F.3d 999, 1005 (11th Cir. 1997)). Rule 23(b) provides:

> An action may be maintained as a class action if the prerequisites of
> subdivision (a) are satisfied, and in addition:
> (1) the prosecution of separate actions by or against individual
> members of the class would create a risk of
> (A) inconsistent or varying adjudications with respect to individual
> members of the class which would establish incompatible standards of
> conduct for the party opposing the class, or
> (B) adjudications with respect to individual members of the class
> which would as a practical matter be dispositive of the interests of the
> other members not parties to the adjudications or substantially impair
> or impede their ability to protect their interests; or
> (2) the party opposing the class has acted or refused to act on grounds
> generally applicable to the class, thereby making appropriate final
> injunctive relief or corresponding declaratory relief with respect to the
> class as a whole; or
> (3) the court finds that the questions of law or fact common to the
> members of the class predominate over any questions affecting only
> individual members, and that a class action is superior to other
> available methods for the fair and efficient adjudication of the
> controversy. The matters pertinent to the findings include: (A) the
> interest of members of the class in individually controlling the
> prosecution or defense of separate actions; (B) the extent and nature of
> any litigation concerning the controversy already commenced by or
> against members of the class; (C) the desirability or undesirability of
> concentrating the litigation of the claims in the particular forum; (D)
> the difficulties likely to be encountered in the management of a class
> action.

Fed. R. Civ. P. 23(b). Rule 23(b)'s "alternative requirements 'describe [] the additional elements which in varying situations justify the use of a class action.'" *Piazza*, 273 F.3d at 1347 (quoting Fed. R. Civ. P. 23 advisory committee's note (1966 amend.)).

Equitable argues that the Plaintiffs fail to satisfy the Rule 23(a) requirements because the only two class representatives, Franze and Busher, lack standing to assert a claim for securities fraud.[7] Specifically, Equitable alleges that the one-year statute of limitations applicable in a securities fraud case bars both Franze and Busher's claims. As we have recently reiterated, "[w]ithout individual standing to raise a legal claim, a named representative does not have the requisite typicality to raise the same claim on behalf of a class." *Piazza*, 273 F.3d at 1346 (quoting *Prado-Steiman v. Bush*, 221 F.3d 1266, 1279 (11th Cir. 2000)). Further, we have clearly held that "a class representative whose claim is time-barred cannot assert the claim on behalf of the class." *Piazza*, 273 F.3d at 1347 (citing *Carter v. West Publ'g Co.*, 225 F.3d 1258, 1267 (11th Cir. 2000)). In this case, it is clear from the record that the statute of limitations bars both Franze and Busher's claims. As a

---

[7] On appeal, Equitable also argues that common issues do not predominate as Rule 23(b)(3) requires. We decline to address this argument because we conclude that the Plaintiffs failed to meet the Rule 23(a) prerequisites to class certification because Franze and Busher are inadequate class representatives.

7

result, they may not assert a claim on behalf of a class, and, the district court erred in certifying the class.

The parties do not dispute that a one year statute of limitations applies to these securities fraud claims.  *See* 15 U.S.C. §§ 77m, 78i (e);[8] *see also Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 359-61, 111 S.Ct. 2773, 2780-81, 115 L.Ed.2d 321 (1991).  Rather, the parties dispute at what time Franze and Busher were put on inquiry notice of the securities fraud.  In *Theoharous v. Fong*, 256 F.3d 1219 (11th Cir. 2001), this court defined inquiry notice in the context of federal securities as "the term used for knowledge of facts that would lead a reasonable person to begin investigating the possibility that his legal rights had been infringed. . . . Inquiry notice is triggered by evidence of the possibility of fraud, not full exposition of the scam itself."  256 F.3d at 1228.  In

---

[8]Section 77m provides that "[n]o action shall be maintained to enforce any liability created under section 77k or 77l(a)(2) of this title unless brought within one year after the discovery of the untrue statement or the omission, or after such discovery should have been made by the exercise of reasonable diligence . . . ." 15 U.S.C. § 77m (1997).

Section 78i(e) provides:
> Any person who willfully participates in any act or transaction in violation of subsections (a), (b), or (c) of this section, shall be liable to any person who shall purchase or sell any security at a price which was affected by such act or transaction, and the person so injured may sue in law or in equity in any court of competent jurisdiction to recover the damages sustained as a result of any such act or transaction. . . . No action shall be maintained to enforce any liability created under this section, unless brought within one year after the discovery of the facts constituting the violation and within three years after such violation.

15 U.S.C. § 78i(e) (1997).

*Theoharous,* this court held that the plaintiffs were put on inquiry notice when a company announced that it was filing bankruptcy. *Id.* Although the plaintiffs never received individual notice of the bankruptcy filing, we held that the public notice of the filing sufficiently alerted the plaintiffs to the possibility of fraud. *Id.*

In the present case, applying an objective reasonable person standard, we conclude that both Franze and Busher were put on inquiry notice well over one year before they filed suit. Franze purchased his VLI policy and received his prospectus on July 10, 1993, and received his policy on August 3, 1993. Busher purchased his VLI policy and received his prospectus on July 27, 1993, and received his VLI policy on August 13, 1993. Franze and Busher could have discovered the alleged misrepresentations simply by reading these documents. Therefore, they were put on inquiry notice despite the fact that they both testified that they did not read any of the documents that Equitable gave them. It was their responsibility to read these documents, and, had they done so, they could have discovered the alleged misrepresentations. *See Mathews v. Kidder, Peabody & Co., Inc.* 260 F.3d 239, 252 (3d Cir. 2001) (holding that for inquiry notice, "investors are presumed to have read prospectuses, quarterly reports, and other information relating to their investments," in the context of a Racketeer Influence and Corrupt Organizations Act (RICO) claim for securities fraud); *Dodds v. Cigna*

9

*Sec., Inc.*, 12 F.3d 346, 350-51 (2d Cir. 1993) (holding that an investors failure to read the documents is not excused by the documents' length, when determining whether the investor was on constructive notice for purposes of triggering the statute of limitations); *Brumbaugh v. Princeton Partners*, 985 F.2d 157, 163 (4th Cir. 1993) (holding that "when a prospectus sufficiently discloses the risks inherent in an investment, the investor is on inquiry notice of his claims . . ."); *DeBruyne v. Equitable Life Assur. Soc. of U.S.*, 920 F.2d 457, 466 n.18 (7th Cir. 1990) (noting that "plaintiffs cannot avoid the statute of limitations by possessing, but failing to read, the documents that would put them on inquiry notice").

After reviewing the record in this case, we conclude that the documents that Equitable gave Franze and Busher, specifically the prospectus and policy, would have put a reasonable person on inquiry notice to investigate. In fact, Franze and Busher both testified that if they had read the documents, they would not have purchased the VLI policies. The first few pages of the prospectus explained variable life insurance, compared it to other forms of life insurance, and informed the investors that Equitable was subject to insurance laws. In addition, the policy, which provided for a ten-day grace period for the individual to review the information, set forth a table illustrating the maximum monthly charges for the "Basic Life Insurance." The table showed that insurance premiums increased over

10

the policy period. (Variable Life Insurance Policies 43231828, 43231711 p.4) Because inquiry notice is an objective standard, we conclude that the prospectus and policy provided sufficient information to put a reasonable person on inquiry notice. Because the documents that Equitable gave to Franze and Busher in July and August of 1993 gave them notice of the possibility of fraud, we hold that the statute of limitations was triggered for their claims at that time. Since Franze and Busher filed suit after the statute of limitations had run, they lacked standing to assert a claim on behalf of a class. The district court thus erred in certifying the class because the statute of limitations bars the claims of the sole class representatives.

## III. CONCLUSION

Franze and Busher lack standing, both individually and as class representatives, to assert securities claims against Equitable. Without an adequate representative, a court may not properly certify a class. Therefore, we reverse the district court's order granting class certification and remand this case for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

11