DECISION AND JOURNAL ENTRY
{¶ 1} Appellants, Morris Pontiac GMC Truck, Robert Morris, III, and Robert Morris, Jr. (collectively referred to as "Morris Pontiac"), appeal from the decision of the Lorain County Court of Common Pleas partially granting class certification. This Court reverses.
 I. {¶ 2} On June 28, 2002, Appellee, Darrell Setliff ("Setliff"), filed an action against Morris Pontiac for damages, injunctive, and declaratory relief. In his complaint, Setliff alleged that Morris Pontiac violated advertising regulations and the Ohio Consumer Sales Practices Act, made negligent misrepresentations and committed fraud. Setliff s claims arose from a transaction that took place in December of 2001, in which he purchased a vehicle from Morris Pontiac.
 {¶ 3} On August 28, 2002, Setliff amended his complaint to assert a class action claim and to add Robert Morris, III and Robert Morris, Jr. as defendants. On February 18, 2003, Setliff *Page 2 
filed a motion to certify the class. Morris Pontiac opposed Setliff s motion. On February 14, 2008, the trial court granted Setliff s motion to certify the class. The trial court defined the class as follows:
 "All consumers who, between the time January 1, 1999 and the present, have purchased or leased new or used vehicles from Morris Pontiac GMC Truck, Inc., or any of its affiliates, subsidiaries, franchisees and/or dealerships that it owns, manages, directs and/or controls, and which have been charged, in conjunction with such lease or purchase, a fee for `Dealer Overhead,' and/or or (sic) `Title and Reg Fee', in excess of the advertised price, sales tax, actual title fees and documentary fees up to the amount allowable under law, and any other fee permitted under Ohio law which may be charged a consumer in a motor vehicle sale or lease transaction."
 {¶ 4} Morris Pontiac timely appealed from this certification, raising five assignments of error for our review.
 II. ASSIGNMENT OF ERROR I "THE TRIAL COURT ABUSED ITS DISCRETION BY FINDING PREDOMINANCE WITHOUT CONDUCTING A RIGOROUS ANALYSIS OF THAT ELEMENT."
 {¶ 5} In an appeal of a trial court's decision on a motion to certify a class, an appellate court reviews the trial court's judgment for an abuse of discretion. See Baughman v. State Farm Mut. Auto. Ins. Co.
(2000), 88 Ohio St.3d 480, 482-83. An abuse of discretion is more than an error of law or judgment; rather, it is a finding that the trial court's attitude is unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Under this standard of review, an appellate court may not merely substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd (1993),66 Ohio St.3d 619, 621. A class action is permitted under Civ. R. 23 subject to the satisfaction of the following prerequisites:
 "(1) an identifiable class must exist and the definition of the class must be unambiguous, (2) the named representatives must be members of the class, (3) the *Page 3 
class must be so numerous that joinder of all members is impracticable (numerosity), (4) there must be questions of law or fact common to the class (commonality), (5) the claims or defenses of the representative parties must be typical of the claims or defenses of the class (typicality), (6) the representative parties must fairly and adequately protect the interests of the class (adequacy), and (7) one of the three Civ. R. 23(B) requirements must be met." Carder Buick-Olds Co., Inc. v. Reynolds Reynolds, Inc., 148 Ohio App.3d 635, 2002-Ohio-2912, at ¶ 19, citing Hamilton v. Ohio Sav. Bank (1998), 82 Ohio St.3d 67, 71.
 {¶ 6} The last of these requirements refers to the three different grounds for maintaining a class action under Civ. R. 23(B). These grounds include predominance and superiority. Civ. R. 23(B)(3). When a trial court considers a motion to certify a class, it accepts as true the allegations in the complaint, without considering the merits of those allegations and claims. Ojalvo v. Bd. of Trustees of Ohio StateUniv. (1984), 12 Ohio St.3d 230, 232-234.
 {¶ 7} "A determination by a trial court regarding class certification that is clearly outside the boundaries established by Civ. R. 23, or that suggests that the trial court did not conduct a rigorous analysis into whether or not the prerequisites of Civ. R. 23 are satisfied, will constitute an abuse of discretion." (Internal citations and quotations omitted.) Cicero v. U.S. Four, Inc., 10th Dist. No. 07AP-310,2007-Ohio-6600, at ¶ 10.
 {¶ 8} In the instant case, the trial court found that the predominance and superiority requirements under Civ. R. 23(B)(3) were met. Pursuant to Civ. R. 23(B)(3), a class action is appropriate if:
 "the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (a) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (d) the difficulties likely to be encountered in the management of a class action." *Page 4 
 {¶ 9} The trial court was required to conduct a rigorous analysis of this element.
 "Performing a rigorous analysis of the Civ. R. 23(B)(3) predominance requirement requires an examination of common issues versus individual issues. Linn v. Roto-Rooter, Inc., 8th Dist. No. 82657, 2004-Ohio-2559, ¶ 14, discretionary appeal not allowed, 103 Ohio St.3d 1480, 2004-Ohio-5405. Common questions must only predominate; they do not need to be dispositive of the litigation. Cicero v. U.S. Four, Inc., supra, at ¶ 37, citing In re Foundry Resins Antitrust Litigation
(S.D.Ohio 2007), 242 F 2d. R.D. 393, 409. A predominance inquiry is, however, more demanding than the Civ. R. 23(A) commonality requirement and focuses on the legal or factual questions that qualify each class member's case as a genuine controversy. Williams v. Countrywide Home Loans, Inc., supra, at ¶ 35." Miller v. Volkswagen of America, Inc., 6th Dist. No. E-07-047 2008-Ohio-4736, at ¶ 45.
 {¶ 10} It does not appear to this Court that the trial court conducted a rigorous analysis of the predominance and superiority requirement pursuant to Civ. R. 23(B)(3). Specifically, the trial court noted that "[t]he lawsuit in this case raises a common question as to liability for charging the class members an amount for `Dealer Overhead' and for other amounts that may be in excess of those allowable under Ohio Administrative Code § 109:4-3-16(B)(21)." The trial court then noted that the common question was "[w]hether [Morris Pontiac] was permitted to charge its customers for `Dealer Overhead' and other charges[.]" The trial court cited the Ohio Supreme Court case, Hamilton v. Ohio Sav.Bank (1998), 82 Ohio St.3d 67, 78, for the proposition that "`[w]here there is a common liability issue, the rule is satisfied.'" However, a review of this case reveals that this statement refers to the commonality requirement of Civ. R. 23(A)(2), not the predominance requirement of Civ. R. 23(B)(3). As we stated above, the predominance requirement requires a more demanding analysis than the commonality requirement. It appears in this case that the trial court has conflated the elements of commonality and predominance. As this suggests that the trial court failed to conduct a rigorous analysis of the particular element of Civ. R. 23, we find that the trial court abused its discretion. Cicero, supra. Accordingly, Morris *Page 5 
Pontiac's first assignment of error is sustained and the cause is remanded for proceedings consistent with this opinion.
 ASSIGNMENT OF ERROR II "THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO RIGOROUSLY ANALYZE AND SPECIFY WHAT REPRESENTATIONS BY MORRIS PONTIAC CREATED LIABILITY UNDER OAC 109:4-3-16(B)(21), WHICH WAS ESSENTIAL TO DETERMINE PREDOMINANCE, TO IDENTIFY AN UNAMBIGUOUS CLASS, AND TO DETERMINE IF [] SETLIFF HAD SUFFERED THE SAME INJURY AS THE ALLEGED CLASS."
 ASSIGNMENT OF ERROR III "CLASS CERTIFICATION WAS AN ABUSE OF DISCRETION BECAUSE THE RECORD, INCLUDING [] SETLIFF'S OWN TRANSACTION, DEMONSTRATES THAT LIABILITY UNDER O.A.C. 109:4-3-16(B)(21) REQUIRES INDIVIDUALIZED INQUIRY."
 ASSIGNMENT OF ERROR IV "IF THE COURT INTENDED TO CERTIFY THE CLASS FOR CLAIMS OF NEGLIGENT MISREPRESENTATION, FRAUD AND PUNITIVE DAMAGES, THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO ENGAGE IN A `RIGOROUS ANALYSIS' OF THOSE CLAIMS."
 ASSIGNMENT OF ERROR V "THE TRIAL COURT ABUSED ITS DISCRETION BY CERTIFYING THE CLASS FOR INJUNCTIVE RELIEF UNDER CIV.R. 23(B)(2), WITHOUT CONDUCING (SIC) THE REQUIRED `RIGOROUS ANALYSIS' UNDER THAT RULE."
 {¶ 11} As we have determined in the first assignment of error that the trial court abused its discretion, we will not address Morris Pontiac's remaining assignments of error.
 III. {¶ 12} Morris Pontiac's first assignment of error is sustained. We decline to address it's second, third, fourth, and fifth assignments of error. The judgment of the Lorain County Court *Page 6 
of Common Pleas is reversed.
Judgment reversed and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellees
CARR, P. J., SLABY, J. CONCUR.