[Cite as *Winrod v. Lorain*, 2020-Ohio-157.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

CHRISTINE WINROD, et al.

    Appellees

    v.

THE CITY OF LORAIN

    Appellant

C.A. No.     19CA011503

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    13CV181854

## DECISION AND JOURNAL ENTRY

Dated: January 21, 2020

HENSAL, Judge.

{¶1} The City of Lorain appeals from the judgment of the Lorain County Court of Common Pleas, granting the plaintiffs' motion for class certification. This Court reverses and remands for further proceedings consistent with this decision.

### I.

{¶2} Christine Winrod and Lynda Ashley ("Plaintiffs"), on behalf of themselves and all others similarly situated, sued the City of Lorain (the "City"), challenging the sanitary sewer rates and fees the City imposed on non-City residents. Plaintiffs moved for class certification under Civil Rules 23(A) and 23(B)(3), requesting that the trial court certify the following class and subclass:

> All ratepayers who were charged sanitary sewer rates for premises located outside the Lorain city limits pursuant to Lorain Codified Ordinance 913.305 since May 7, 2012.

All ratepayers who were charged sanitary sewer rates for premises located in the Hidden Valley subdivision in Amherst Township, Ohio pursuant to Lorain Codified Ordinance 913.305 since May 7, 2012.

The trial court granted Plaintiffs' motion for class certification. The City now appeals that decision, raising one assignment of error for this Court's review.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT REVERSIBLY ERRED IN GRANTING THE NAMED PLAINTIFFS' MOTION FOR CLASS CERTIFICATION.

{¶3} In its assignment of error, the City argues that the trial court erred by granting Plaintiffs' motion for class certification. For the reasons that follow, this Court agrees.

{¶4} A plaintiff has the burden of establishing the right to a class action by a preponderance of the evidence. *Sliwinski v. Capital Properties Mgt. Ltd.*, 9th Dist. Summit No. 25867, 2012-Ohio-1822, ¶ 12 ("The burden of establishing the right to a class action rests upon the plaintiff."); *Martin v. Servs. Corp. Internatl.*, 9th Dist. Summit No. 20392, 2001 WL 688896, *2 (June 20, 2001) (noting the preponderance-of-the-evidence standard). There are seven prerequisites to class certification, four of which are provided in Rule 23(A) as follows:

(1) the class is so numerous that joinder of all members is impracticable,
(2) there are questions of law or fact common to the class,
(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, [and]
(4) the representative parties will fairly and adequately protect the interests of the class.

These prerequisites are commonly referred to as numerosity, commonality, typicality, and adequacy of representation. *See Martin* at *2. In addition to establishing the four prerequisites of Rule 23(A), a plaintiff must also establish one of the three requirements under Rule 23(B). Here, Plaintiffs moved for class certification under Rule 23(B)(3), which requires a trial court to

find that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." The requirements under this prerequisite are commonly referred to as predominance and superiority. *See Duncan v. Hopkins*, 9th Dist. Summit No. 23342, 2007-Ohio-1425, ¶ 8. Finally, a plaintiff must establish that an identifiable class exists and that its definition is unambiguous, and that the named representatives are members of the class. These prerequisites are commonly referred to as ascertainability and class membership. *See Schumacher v. State Auto. Mut. Ins. Co.*, S.D.Ohio No. 1:13-CV-00232, 2015 WL 421688, *3 (Feb. 2, 2015); *Mozingo v. 2007 Gaslight Ohio, LLC*, 9th Dist. Summit Nos. 26164, 26172, 2012-Ohio-5157, ¶ 14. "Failure to satisfy any one of these seven prerequisites results in denial of certification." *Sliwinski* at ¶ 12.

{¶5} This Court reviews a trial court's decision to grant or deny class certification for an abuse of discretion. *Marks v. C.P. Chem. Co., Inc.*, 31 Ohio St.3d 200 (1987), syllabus. An abuse of discretion means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). The abuse-of-discretion standard "applies to the ultimate decision of the trial court, * * * as well as to its determination regarding each requirement of [Rule 23]." *Cullen v. State Farm Mut. Auto. Ins. Co.*, 137 Ohio St.3d 373, 2013-Ohio-4733, ¶ 19. "A determination by a trial court regarding class certification that * * * suggests that the trial court did not conduct a rigorous analysis into whether or not the prerequisites of Civ.R. 23 are satisfied, will constitute an abuse of discretion." *Setliff v. Morris Pontiac, Inc.*, 9th Dist. Lorain No. 08CA009364, 2009-Ohio-400, ¶ 7, quoting *Cicero v. U.S. Four, Inc.*, 10th Dist. Franklin No. 07AP-310, 2007-Ohio-6600, ¶ 10.

{¶6} In its merit brief, the City argues that Plaintiffs failed to satisfy the prerequisites of class certification by a preponderance of the evidence. More specifically, it argues that Plaintiffs submitted no evidence to satisfy the membership, numerosity, and adequacy prerequisites, and that Plaintiffs' evidence relative to the other prerequisites failed for lack of an identifiable class. It also argues that the trial court failed to conduct a rigorous analysis into whether Plaintiffs satisfied the class-certification prerequisites, and that its failure is evidenced – in part – by the fact that the trial court appointed a deceased person (i.e., Christine Winrod, who passed[1] after Plaintiffs filed their motion for class certification but before the trial court ruled on it) as a class representative, and the fact that the trial court utilized language from Plaintiffs' proposed order granting class certification in its order. The City further argues that the trial court wholly failed to address the membership requirement (i.e., that the class representatives are members of the putative class), which warrants reversal of the trial court's decision.

{¶7} This Court's review of the record indicates that the City specifically challenged Plaintiffs' assertion that they were members of the putative class, arguing that they failed to support their motion for class certification with any evidence proving their membership. Notwithstanding, the trial court did not address the membership requirement in its order granting class certification.

{¶8} The Ohio Supreme Court has recognized that "there is no explicit requirement in Civ.R. 23 that the trial court make formal findings to support its decision on a motion for class certification[,]" but further recognized that:

> the failure to provide an articulated rationale greatly hampers an appellate inquiry into whether the relevant Civ.R. 23 factors were properly applied by the trial court and given appropriate weight, and such an unarticulated decision is less likely to

---

[1] The record reflects a "Suggestion of Death of Christine Winrod" filed on February 1, 2019, almost two months prior to the trial court's decision granting class certification.

convince the reviewing court that the ruling was consistent with the sound exercise of discretion.

*Hamilton v. Ohio Sav. Bank*, 82 Ohio St.3d 67, 70-71 (1998). It then suggested that trial courts "make separate written findings as to each of the seven class action requirements, and specify their reasoning as to each finding." *Id.* at 71.

{¶9} While the trial court's failure to explicitly address the membership requirement may not amount to an abuse of discretion, its failure to do so, combined with its naming of a deceased person as a class representative and the fact that the City specifically challenged whether Plaintiffs established that they were members of the putative class, suggests that the trial court failed to conduct a rigorous analysis into whether Plaintiffs satisfied the prerequisites of class certification. *See Pyles v. Johnson*, 143 Ohio App.3d 720, 731-732 (4th Dist.2001) (holding that the trial court's failure to explicitly address the membership requirement did not result in an abuse of discretion); *Mozingo*, 2012-Ohio-5157, at ¶ 14 (holding that the trial court failed to conduct a rigorous analysis of the membership requirement when it did not address the opposing party's statute-of-limitations argument); *Gordon v. Erie Islands Resort & Marina*, 6th Dist. Wood No. OT-13-040, 2014-Ohio-4970, ¶ 20 (stating that is reversible error for a trial court to ignore an argument raised by the party opposing class certification); *Setliff*, 2009-Ohio-400, at ¶ 7 (noting the rigorous-analysis standard). As a result, this Court concludes that the trial court abused its discretion when it granted Plaintiffs' motion for class certification. *See Setliff* at ¶ 7. In light of this conclusion, this Court need not address the City's remaining arguments. The City's assignment of error is sustained.

## III.

{¶10} The City's assignment of error is sustained. The judgment of the Lorain County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

JENNIFER HENSAL
FOR THE COURT

TEODOSIO, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

RICHARD D. PANZA, WILLIAM F. KOLIS, JR., and MALORIE A. ALVERSON, Attorneys at Law, for Appellant.

TODD M. RASKIN, Attorney at Law, for Appellant.

PATRICK D. RILEY, Attorney at Law, for Appellant.

DENNIS M. O'TOOLE, MATTHEW A. DOOLEY, STEPHEN M. BOSAK, JR. and PATRICK M. WARD, Attorneys at Law, for Appellees.